**In re WELFARE OF Jerome Frederick LARSON.**

No. 47022.

Supreme Court of Minnesota.

May 20, 1977.

Albert B. Lassen, Legal Assistance of Ramsey County, Inc., St. Paul, for appellant.

Warren Spannaus, Atty. Gen., William B. Randall, County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

PER CURIAM.

This is an appeal from an order of the Juvenile Division of the Ramsey County District Court finding that appellant committed a delinquent act, dangerous trespass, in violation of Minn.St. 609.60(3). The issues raised on appeal are (1) whether the court, as factfinder, applied § 634.04, requiring corroboration of an accomplice's testimony, and if so, whether there was sufficient corroborating evidence, and (2) whether the court erred in permitting the state to use an illegally obtained confession to impeach appellant's testimony without requiring the state to prove that the confession was trustworthy. We affirm.

On the evening of March 2, 1976, a train engine and a propane tanker car were derailed at Texas Gas Corporation in Maplewood. It is the state's contention that appellant and a friend, also a juvenile, broke the locks on two switches and threw the switches, thereby causing the derailment. The key witness at the hearing below was appellant's friend, who admitted his own role in the incident, and testified as to appellant's participation.

One of the issues in the case is whether the court, as factfinder, applied

§ 634.04, requiring corroboration, and, if so, whether there was sufficient corroboration. In denying the motion to dismiss for inadequate corroboration, the court said:

> "Motion clearly denied. This [is] not the type of case which is envisioned by the statute. The evidence there is corroborated evidence to establish a prima facie case outside of the evidence of an alleged accomplice."

Appellant now contends that this statement was ambiguous and that the court arguably meant that it did not think the accomplice-corroboration statute applied in juvenile matters. We believe that if appellant's counsel felt that the court was ignoring the statute, counsel should have questioned the court in an attempt to clarify the matter. By failing to do so, he waived the issue. See, *State v. Carr*, Minn., 249 N.W.2d 443 (1976) (in trial before court without jury if defense counsel suspects court is applying wrong standard to determine guilt, counsel has obligation to question court in attempt to determine what standard court is following).

We must assume, then, that the court as factfinder applied § 634.04 and credited the testimony of the corroborating witness. We also hold that this testimony, which we need not detail, was sufficient to corroborate accomplice's testimony.

The second issue relates to the court's permitting the state to impeach appellant by the use of an admittedly illegally obtained confession.

The key case is *Harris v. New York*, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971), in which the United States Supreme Court approved the use of an illegally obtained confession for impeachment purposes provided that the confession was trustworthy and voluntary. See, also, *Oregon v. Hass*, 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975). We have followed the *Harris* rule in a number of cases even though, as a matter of state constitutional law, we could have done otherwise. *State v. Hill*, Minn., 244 N.W.2d 728 (1976), certiorari denied, 429 U.S. 1065, 97 S.Ct. 794, 50 L.Ed.2d 782 (1977); *State v. Gabler*, 294 Minn. 457, 199 N.W.2d 439 (1972). We now hold that the rule also applies in juvenile matters.

The confession in this case was admittedly obtained in violation of the *Miranda* rule but the trial court, applying the *Harris* rule, permitted the use of the confession for impeachment purposes after appellant took the stand and denied any involvement in the incident.

Appellant's attorney made no specific claim that the confession was involuntary until after all the evidence was in and both sides had finally rested. The record shows no threats or promises, express or implied. The trustworthiness of the admission to the police officer is not only supported by substantial corroboration, but the appellant's disagreement with two different witnesses underpins that trustworthiness.

Affirmed.