**In the Matter of the WELFARE OF K. A. Z.**

**No. 47816.**

Supreme Court of Minnesota.

April 14, 1978.

William R. Kennedy, Hennepin County Public Defender, Franklin J. Knoll, Frances Moore, Gerard W. Snell and Gary McGlennen, Asst. Public Defenders, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Gary W. Flakne, County Atty., Vernon E. Bergstrom, Chief, App. Division, David W. Larson and Lee W. Barry, Asst. County Attys., Minneapolis, for respondent.

SCOTT, Justice.

This is an appeal pursuant to Minn.St. 260.291, subd. 2(a), from an order of the Juvenile Division of the Hennepin County District Court which affirmed the findings of the referee relating to appellant's participation in a delinquent act (misdemeanor third-degree arson, Minn.St. 609.563, subd. 2). We affirm.

The issues raised on appeal relate to:

(1) the sufficiency of evidence,

(2) the admission of certain hearsay evidence, and

(3) whether third-degree arson is a lesser included offense of the charged offense, first-degree arson.

1. The key issue in this case is whether there was sufficient evidence to support a finding that appellant committed misdemeanor third-degree arson.

(a) Under § 609.563, subd. 2, one can be convicted of misdemeanor third-degree arson if he intentionally sets fire to any personal property with a value of less than $100 which belongs to another.[1]

In this case, the main witnesses against appellant were two junior high school classmates, who testified that on the day in question they skipped first-hour class with appellant and set fire to varying amounts of unrolled toilet paper in three different girls' lavatories. Appellant argues that detached toilet paper has no value and that, in any event, when the school put the rolls of paper in the stalls for student use, it abandoned its ownership of the paper. The state counters by arguing that while detached sheets of toilet paper may not have a resale value, "toilet paper certainly has value to those who are putting it to its proper use" and further it has value to the school because when paper is consumed the school has an obligation to buy replacement paper. With respect to the issue of whether the tissue used was property "of another," the state argues that while the paper was available for student use, there was an implied condition that the paper be used only for certain obvious purposes and that setting fire to the paper was a violation of that implied condition.

The problem presented by this case could arise just as easily in a theft prosecution or in a prosecution for malicious destruction of property. It seems clear to us that toilet paper in a lavatory which is open to the public has value and that it is made available only for certain implied uses. The difficult matter is deciding at what point the criminal law should get involved when some member of the public uses the toilet paper for some use other than one of the implied uses.

This case does not, as appellant contends, involve the lighting of a single tissue, and one cannot make an analogy to the prosecution of someone for theft of a single tissue. Rather, the case we must decide is somewhat analogous to the situation where a person goes to several restrooms and steals all the rolls of toilet paper, which he takes home and uses at home in order to save himself the expense of buying toilet paper. We assume that that would be theft. This case is different only because the intent here was not to steal the toilet paper but rather to set fire to several rolls of toilet paper (probably to create a disruption of some sort).

(b) The second contention raised relating to the sufficiency of the evidence is whether there was sufficient corroboration of the accomplice testimony.

Minn.St. 634.04 provides:

"A conviction cannot be had upon the testimony of an accomplice, unless it is corroborated by such other evidence as tends to convict the defendant of the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof."

This statute applies in juvenile cases. See, *In re Welfare of Larson*, Minn., 254 N.W.2d 388 (1977).

As this court reaffirmed recently in *State v. Houle*, Minn., 257 N.W.2d 320, 324 (1977), the corroboration that is required is corroboration which restores confidence in the naturally suspect testimony of an accomplice, confirming its truth and pointing to the defendant's guilt in some substantial degree. In applying the rule, one must bear in mind that the testimony of one accomplice may not be deemed to corroborate that of another. *State v. Armstrong*, 257 Minn. 295, 307, 101 N.W.2d 398, 407 (1960).

1. Minn.St. 609.556, subd. 2, defines "property of another" as follows: " 'Property of another' means a building or other property, whether real or personal, in which a person other than the accused has an interest which the accused has no authority to defeat or impair even though the accused may also have an interest in the building or property."

In the instant case, sufficient corroboration may be found in the evidence that only four people were truant from class but were in the school at the time the fires were set and that appellant, along with the admitted accomplices, was one of these four. This evidence, although not strong evidence of guilt, sufficiently points to appellant's guilt and sufficiently tends to confirm the truth of the accomplice testimony.

2. Appellant raises two evidentiary issues:

First, appellant argues that the referee erred in permitting the assistant principal to testify that only four students were truant during first hour. Appellant's attorney did not object to this testimony. It is true, as appellant contends, that this evidence probably was based on reports of others and therefore was hearsay, and it is also true there was no foundation for this evidence. If appellant had objected, however, it may well be that the prosecutor could have laid a foundation for introducing this testimony under the business records exception to the hearsay rule. Since appellant's counsel did not object, there was no need to do this.

The second evidentiary issue relates to the admission, over objection, of testimony by a third classmate that one of appellant's accomplices had admitted that she, appellant, and the other accomplice had set fire to the toilet paper. The state has dropped its original contention at trial that the evidence was admissible under the coconspirator exception to the hearsay rule. The state now argues that the evidence was admissible under Rule 801(d)(1)(B), Rules of Evidence, which reads as follows:

"(d) Statements which are not hearsay. A statement is not hearsay if—

"(1) *Prior statement by witness.* The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is * * * (B) consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive * * *."

The state's argument is that because of the accomplice corroboration rule an accomplice's testimony is always impliedly suspect, and therefore, under this rule the state should be permitted to introduce evidence that on a prior occasion the accomplice made statements consistent with his trial testimony.

We do not decide whether the rule applies in this situation because the Rules of Evidence were not in effect when this case was heard and because, in any event, the evidence in question was cumulative and therefore harmless. The evidence was cumulative because both accomplices had already testified, without objection, that they had told this other girl about what they had done in the lavatories and who had been involved.

3. The final issue relates to whether misdemeanor third-degree arson is an included offense of first-degree arson, the offense charged. The answer to this issue is found in Minn.St. 609.04, subd. 1, which provides:

"Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included offense, but not both. An included offense may be any of the following:

"(1) A lesser degree of the same crime; or

"(2) An attempt to commit the crime charged; or

"(3) An attempt to commit a lesser degree of the same crime; or

"(4) A crime necessarily proved if the crime charged were proved; or

"(5) A petty misdemeanor necessarily proved if the misdemeanor charge were proved."

This statute applies in juvenile proceedings. *In re Welfare of Raino,* Minn., 255 N.W.2d 398 (1977). Third-degree arson is an included offense of first-degree arson by virtue of

subsection (1), since it is a lesser degree of the same crime.

Affirmed.[2]

**2.** The import of this case itself and the technically legal issues raised herein are illustrative of the regrettable departure from the original "informal and benevolent" purposes in creating the juvenile court system. It would seem appropriate and in the spirit of that original philosophy that other diversionary methods be employed. Unless those involved in activities such as in this instance are truly incorrigible youths, they could be handled in a more informal manner by the local school officials, parents, and local police officers. If a true need for treatment is not the case, it seems of little value to send such juveniles to a busy downtown court where state and Federal court decisions in the past decade have caused that court to evolve into little more than the juvenile division of the adult criminal court, losing the effect that was contemplated by its original informality.