306 N.W.2d 882 (1981)
In the Matter of the Welfare of D.S.
No. 81-41.
Supreme Court of Minnesota.
June 19, 1981.
*883 Ragnhild Anne Westby, St. Paul, for appellant.
Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief Asst. County Atty., Appellate Section, Michael McGlennen, Asst. County Atty., Thomas A. Weist, Jerry Strauss and Ann E. Peek, Law Clerks, Juvenile Section, Minneapolis, for respondent.
Considered and decided by the court en banc without oral argument.
SHERAN, Chief Justice.
This is an appeal pursuant to Minn.Stat. § 260.291, subd. 2(a) (1980), from an order of the Juvenile Division of the Hennepin County District Court which affirmed the findings of a referee relating to appellant's participation in a delinquent act, misdemeanor third-degree arson. Id. § 609.563, subd. 2. The disposition order, which has been stayed by the district court pending this appeal, requires appellant to pay restitution, not to exceed $42, and to participate, under a 21-day commitment, in the "Delta Program" at the County Home School. The issue on appeal is whether the evidence of appellant's participation in the act of arson was sufficient. We affirm.
The offense in question was the setting on fire of a school locker. Witnesses included a student who testified that she saw appellant and a friend of appellant set the fire, and the school principal and a custodian who saw appellant and the friend near the locker a couple minutes before the fire was discovered. We agree with appellant that the statute requiring corroboration of accomplice testimony, section 634.04, applies in juvenile cases. In re Welfare of K. A. Z., 266 N.W.2d 167 (Minn.1978); In re Welfare of Larson, 254 N.W.2d 388 (Minn.1977). The student eyewitness denied that she participated in the offense of arson as a lookout but admitted that she had been asked by appellant to serve as a lookout while appellant opened the locker to take out something. Assuming without deciding that this student was an accomplice to the offense in question, we hold that her testimony was sufficiently corroborated within the meaning of the statute.
Affirmed.