**STATE of Minnesota, Respondent,**

v.

**Billie Jo MORRISON, Appellant.**

No. C5–83–140.

Supreme Court of Minnesota.

July 13, 1984.

Stephen W. Cooper, St. Paul, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Tom Foley, Ramsey County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

SIMONETT, Justice.

Defendant was found guilty by a district court jury of a charge of assault in the second degree, Minn.Stat. § 609.222 (1982). The trial court sentenced her to an executed term of 21 months in prison, which is the presumptive sentence for a severity level VI offense by a person with a criminal history score of zero. Minnesota Sentencing Guidelines and Commentary, II.E. (1982); Minn.Stat. § 609.11 (1982). On appeal, defendant seeks an outright reversal because the state failed to prove that she did not act in self-defense. Alternatively, she seeks a new trial because of prejudicial error by the trial court in its evidentiary rulings and in its instructions. We affirm.

1. Defendant's first contention is that the state failed to prove that she did not act in self-defense. The state's evidence established that defendant spent the afternoon and most of the evening of May 27, 1982, at her residence drinking beer with her boyfriend, her boyfriend's roommate, and her sister's boyfriend; that after becoming involved in an argument with her boyfriend, she ordered him to leave and did not let him take with him certain personal property which he had left there; that her boyfriend's roommate left with him but was readmitted moments later by her sister's boyfriend, who then left; that her boyfriend's roommate, over her objection, started picking up the personal property belonging to her boyfriend; that without warning she grabbed a butcher knife and stabbed him in the side and in the back as his back was turned to her; and that after calling the police, she fled the scene. We hold that the jury was justified in rejecting the claim of self-defense and in finding defendant guilty as charged.

2. Defendant makes four arguments in support of her contention that she was denied a fair trial:

(a) First, she argues that the trial court erred in denying her motion to suppress evidence of the oral statements she made at the police station at 6 p.m. on May 28. At the Omnibus Hearing the state's evidence indicated that defendant was given an oral *Miranda* warning and that she also had signed a typed form containing a *Miranda* warning. Elsewhere on that form, which is entitled "written statement," the police wrote "declined," after defendant said she did not want to give a written statement. Although defendant declined to give a written statement, she continued to talk. Defendant testified that she felt that only what was in writing could be used against her and that she had said she would talk but would not give a statement. The trial court stated that it seemed clear that defendant believed that she was safe talking with the police as long as she did not give a written statement. The court stated that the officers who questioned her

did not do anything to induce that belief but that the police department's form did. Nonetheless, the court denied the motion to suppress because, as the court put it, the requirement that there be a knowing and intelligent waiver is "fictional."

In *North Carolina v. Butler*, 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979), the defendant stated that he would not sign the warning form but that he would talk with the police. He then made inculpatory statements. The United States Supreme Court reversed the decision of the North Carolina Supreme Court, which ruled that the waiver was invalid because the defendant had not explicitly stated that he was waiving his rights. The United States Supreme Court stated that the question was not one of form but whether the defendant in fact knowingly and voluntarily waived his rights. To the same effect, see *State v. Johnson*, 304 N.W.2d 639 (Minn.1981).

■ In this case the defendant signed the form, but the trial court found that she in fact believed, based on the use of the form, that her statements could be used against her only if they were in writing. Given the defendant's testimony, it cannot be said that the finding is clearly erroneous. The trial court's belief that the requirement that a waiver be knowing and voluntary is "fictional" is without basis in the cases. If the court believed that the defendant did not know that her oral statements could be used against her, the court should have barred the state from using the statements during its case in chief.

However, any error in denying the motion to suppress was harmless. Presumably defendant would have testified in any event because her testimony was necessary if she realistically hoped to prevail on the claim of self-defense. Her statements to the police, even if obtained in violation of *Miranda,* would have been admissible in any event to impeach that testimony. *United States v. Havens*, 446 U.S. 620, 100 S.Ct. 1912, 64 L.Ed.2d 559 (1980); *Harris v.*

*New York*, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971); *In re Welfare of Larson*, 254 N.W.2d 388 (Minn.1977). Under the circumstances, if there was error, it was harmless error beyond a reasonable doubt.

■ (b) Defendant's next argument is that the trial court erred in refusing to let defense counsel elicit testimony from defendant that she previously had been assaulted by other men, evidence which defense counsel argued was relevant to her state of mind and reasonableness of her actions when she stabbed the victim. We believe that the trial court had discretion to rule as it did under Minn.R.Evid. 402 and 403. This is not to say that cases will not arise in which the prior victimization of the defendant is relevant to the defendant's state of mind and the reasonableness of his conduct. *See, e.g., State v. Housley*, 322 N.W.2d 746 (Minn.1982). Each case has to be considered individually. In this case, the trial court did not abuse its discretion in refusing to admit the evidence.

(c) Defendant's next contention relates to the trial court's permitting the prosecutor to elicit evidence on cross-examination of defendant that she did not say anything to police when they first arrested her.

In *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), the United States Supreme Court held that a prosecutor's use of a defendant's postarrest post-*Miranda* warning silence to impeach his exculpatory testimony at trial violated due process. However, in *Jenkins v. Anderson*, 447 U.S. 231, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980), the Court held that the constitution does not bar the use of a defendant's prearrest silence to impeach his credibility, where the police did nothing to induce the defendant to remain silent. And in *Fletcher v. Weir*, 455 U.S. 603, 102 S.Ct. 1309, 71 L.Ed.2d 490 (1982), the Court held that the constitution does not bar the use of postarrest silence to impeach the defendant's credibility where no *Miranda* warning was given.

In this case the record does not indicate whether defendant was given a *Miranda* warning at the time of her arrest so we cannot say whether *Doyle* was applicable. Even if there was error, however, it clearly was nonprejudicial since the jury (a) would have known in any event that defendant had been completely silent about the incident in a conversation with a friend before her arrest, and (b) could have inferred from the absence of any evidence on the subject that defendant did not say anything until she was questioned by police at 6 p.m. on the 28th.[1]

(d) Defendant's final claim of trial error relates to the trial court's giving, over defense objection, the revised version of CRIMJIG 7.08, which reads:

> The legal excuse of self-defense is available only to those who act honestly and in good faith. This includes the duty to retreat or avoid the danger if reasonably possible.

10 Minnesota Practice, *Jury Instruction Guides: Criminal* (Supp.1984). We have upheld this instruction in three recent cases: *State v. Bland,* 337 N.W.2d 378 (Minn.1983); *State v. Duke,* 335 N.W.2d 511 (Minn.1983); *State v. Austin,* 332 N.W.2d 21 (Minn.1983).

Affirmed.

---

1. Because of our holding that any error was nonprejudicial, we do not decide whether to disallow, as a matter of state law, those types of impeachment which the Court declined to bar in *Jenkins* and *Fletcher.* In *Jenkins* the Court noted that it had exercised its supervisory power over federal courts to hold that prior silence cannot be used for impeachment where the silence is not probative of the defendant's credibility and where unfair prejudice might result. 447 U.S. at 239, 100 S.Ct. at 2129.