**STATE of Minnesota, Respondent,**

v.

**Na HER, Appellant.**

No. C5–03–28.

Court of Appeals of Minnesota.

Sept. 30, 2003.

Mike Hatch, Attorney General, St. Paul, MN; and Charles E. MacLean, Winona County Attorney, Winona County Courthouse, Winona, MN for Respondent.

John M. Stuart, Minnesota Public Defender, Michael F. Cromett, Assistant Public Defender, Minneapolis, MN, for Appellant.

Considered and decided by WILLIS, Presiding Judge, TOUSSAINT, Chief Judge, and STONEBURNER, Judge.

## OPINION

STONEBURNER, Judge.

Appellant Na Her appeals his convictions of first-degree aggravated robbery and first-degree solicitation of a juvenile to engage in first-degree aggravated robbery, both committed for the benefit of a criminal gang. Na Her argues that there was insufficient evidence to corroborate accomplice testimony indicating that he committed these crimes. Because the corroborative evidence is sufficient, we affirm.

## FACTS

The Sterling Motel in Winona was robbed at gunpoint by two young Asian men wearing dark clothing. The men were apprehended shortly after the robbery when police stopped a car driven by Na Her. The robbers and another Asian youth were passengers in the car. A handgun, ammunition, loose change consistent with cash taken from the motel, and dark clothing similar to that described by the eyewitness, were found in the car. In a four-count complaint, Na Her was charged with (1) first-degree aggravated robbery, (2) first-degree solicitation of a minor to commit first-degree robbery, (3) first-degree aggravated robbery committed for the benefit of a criminal gang, and (4) first-degree solicitation of a minor to commit first-degree robbery committed for the benefit of a criminal gang.

At trial, the robbers, who were members of a gang known as True Asian Bloods (TAB), testified that they committed the robbery at the instruction of Na Her, who had the authority to compel them to follow his instructions because he is an admitted member of a more prestigious gang, known as Tiny Men Crew (TMC). An expert on gangs testified that within the hierarchical framework of the gang world, Na Her, as a member of TMC, would have been the most powerful person in the vehicle and would have been able to tell the others what to do. The expert further testified that, given Na Her's position, he would have been aware of what was going on in the car and what activity his passengers were involved in.

Na Her testified that he was familiar with Winona, had previously stayed at the Sterling Motel, knew that an older woman worked nights at the front desk, and knew that other TMC members had stayed at the motel. But Na Her testified that he thought the youths were going to buy marijuana and that he had no idea that they planned to rob the motel. Na Her was found guilty of all of the charges against him. This appeal followed.

## ISSUE

Was the accomplice testimony sufficiently corroborated to sustain the convictions?

## ANALYSIS

The state agrees that the robbers were Na Her's accomplices for purposes of the law requiring corroborating evidence to sustain a conviction based on accomplice testimony. *See State v. Henderson*, 620

N.W.2d 688, 701 (Minn.2001) (stating that test for whether witness is accomplice is whether witness could have been indicted and convicted for crime with which defendant is charged).

A conviction cannot be had upon the testimony of an accomplice, unless it is corroborated by such other evidence as tends to convict the defendant of the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof.

Minn.Stat. § 634.04 (2002); *State v. Pederson*, 614 N.W.2d 724, 732 (Minn.2000) (stating that a conviction may not be obtained based solely on uncorroborated testimony of an accomplice).

This court reviews the sufficiency of evidence corroborating accomplice testimony in the light most favorable to the state, and all conflicts presented by the evidence are resolved in favor of the verdict. *State v. Pippitt*, 645 N.W.2d 87, 93 (Minn.2002); *State v. Nelson*, 632 N.W.2d 193, 202 (Minn.2001). Corroboration of accomplice testimony is sufficient if it restores confidence in the accomplice's testimony, confirming its truth and pointing to the defendant's guilt in some substantial degree. *State v. Scruggs*, 421 N.W.2d 707, 713 (Minn.1988). "The quantum of corroborative evidence needed necessarily depends on the circumstances of each case." *State v. Adams*, 295 N.W.2d 527, 533 (Minn.1980) (citation omitted).

Corroborating evidence may be found in a defendant's association with others involved in the crime "in such a way as to suggest joint participation," from the defendant's motive and opportunity to commit the crime, and from his proximity to the place where the crime was committed. *Id.* Admissions and inadequacies in a defendant's testimony may corroborate an accomplice's testimony. *Scruggs*, 421 N.W.2d at 714; *State v. Wallert*, 402 N.W.2d 570, 572 (Minn.App.1987), *review denied* (Minn. May 18, 1987). But, "when evidence is as consistent with the defendant's innocence as ·with [his] guilt, the evidence is not sufficient to corroborate the testimony of accomplices." *Id.* (citation omitted). And an accomplice's testimony may not be corroborated only by another accomplice's testimony. *State v. Harris*, 405 N.W.2d 224, 227 (Minn.1987). Accomplice testimony need not be corroborated regarding each individual element of the crime. *State v. Lemire*, 315 N.W.2d 606, 610 (Minn.1982).

Na Her's testimony that he had stayed at the motel corroborated the robbers' contention that he chose the motel as a target. Na Her was the driver of the vehicle in which the robbers were passengers and in which the gun and fruits of the robbery were found. The gang expert corroborated the accomplices' testimony by testifying that, under the circumstances, Na Her would have (1) been in charge of his passengers; (2) had the authority to direct their activities; and (3) been aware of everything happening. The gang expert's testimony was based on specific knowledge of the gangs to which the robbers and Na Her belonged, the robbers' respective ages, and the activity that occurred. We conclude that such corroborating evidence confirms the truth of the testimony of Na Her's accomplices and is sufficient to support his convictions.

## DECISION

Testimony from a gang expert on the power hierarchy of the TAB and TMC gangs, together with physical evidence of the crime found in the car driven by Na

Her and Na Her's admitted knowledge about the target motel, sufficiently corroborated accomplice testimony to support Na Her's convictions for aggravated robbery and solicitation of a minor to commit robbery, committed for the benefit of a criminal gang.

**Affirmed.**