**In the Matter of the WELFARE OF S.H.H., Child.**

**No. A06–2098.**

Court of Appeals of Minnesota.

Dec. 4, 2007.

John M. Stuart, State Public Defender, Susan Andrews, Assistant Public Defender, Minneapolis, MN, for appellant.

Lori Swanson, Attorney General, St. Paul, MN, Kip O. Fontaine, Clearwater County Attorney, Scott G. Collins, Assistant County Attorney, Bagley, MN, for respondent.

Considered and decided by KLAPHAKE, Presiding Judge; SHUMAKER, Judge; and HUSPENI, Judge.

## OPINION

HUSPENI, Judge.*

Appellant challenges his delinquency adjudication after a trial arising from an incident of damage to property, claiming that the district court's determination of guilt beyond a reasonable doubt is based

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

entirely on the uncorroborated testimony of an accomplice. Because we find that the testimony at issue was the testimony of an accomplice and because it was uncorroborated by any other evidence on the record, we reverse.

## FACTS

While Kenneth Oraskovich was getting a haircut, the back window of his truck was shattered. He called the police to investigate the matter. When an officer arrived, he noticed 16–year–old C.F. hanging out of a nearby window and asked him to come down. C.F. told the officer that appellant S.H.H. had fired a B.B. gun out of his apartment window, damaging the truck. C.F. owned the B.B. gun and was on probation for its previous use. At trial, C.F. testified that S.H.H. and his brother were visiting and that they had been shooting out the window at a neighbor when S.H.H. missed and hit a truck window. The record indicates that neither S.H.H. nor his brother knew about the broken window until after they went home and were confronted by the investigating officer. They also both testified that S.H.H. never shot the B.B. gun. Based on the testimony of C.F., S.H.H. was charged and adjudicated delinquent of first-degree criminal damage to property under Minn.Stat. § 609.595, subd. 1(3) (2004), for the damage to the truck window. This appeal follows.

## ISSUES

I. Is C.F. an "accomplice" such that his testimony must be corroborated under Minn.Stat. § 634.04 (2004)?

II. Is there corroborative testimony on record that provides sufficient evidence to uphold appellant's adjudication of delinquency?

## ANALYSIS

 Appellant contends that the district court erred by improperly adjudicating him delinquent based solely on the uncorroborated testimony of an accomplice. The question of how such testimony is to be evaluated in the context of a trial to the court without a jury is one of first impression. Review of cases addressing the failure of a district court to submit an accomplice-testimony instruction to the jury is informative, however. Even absent an objection or request for such an instruction, the district court has an independent obligation to caution jurors about the nature of accomplice testimony whenever a witness against the defendant might reasonably be considered an accomplice. *State v. Henderson,* 620 N.W.2d 688, 700 (Minn.2001); *State v. Shoop,* 441 N.W.2d 475, 479 (Minn.1989); *State v. Moon,* 717 N.W.2d 429, 436 (Minn.App.2006), *review denied* (Minn. Sept. 19, 2006). If the district court fails to give such an instruction, this court applies a harmless-error analysis. *Shoop,* 441 N.W.2d at 479. But the issue in this case concerns the application of a statute to the facts as found by the district court. Such a review is a question of law, which we review de novo. *O'Malley v. Ulland Bros.,* 549 N.W.2d 889, 892 (Minn.1996) (stating that the application of a statute to undisputed facts is a question of law); *State v. Bunde,* 556 N.W.2d 917, 918 (Minn.App.1996) (recognizing that the application of statutory criteria to facts as found by the district court is subject to de novo review).

 Minn.Stat. § 634.04 (2004) applies to juvenile cases. *In re the Welfare of K.A.Z.,* 266 N.W.2d 167, 169 (Minn.1978). It provides:

A conviction cannot be had upon the testimony of an accomplice, unless it is corroborated by such other evidence as tends to convict the defendant of the commission of the offense, and the corroboration is not sufficient if it merely

shows the commission of the offense or the circumstances thereof.

Minn.Stat. § 634.04. Thus, a conviction may not be based on the uncorroborated testimony of an accomplice. Minn.Stat. § 634.04; *Henderson*, 620 N.W.2d at 700.

■ Appellant and the state dispute whether state witness C.F. qualifies as an accomplice for the purposes of Minn.Stat. § 634.04. Generally, if a witness could have been indicted and convicted of the same crime as the accused, he or she is considered to be an accomplice whose testimony must be corroborated under the statute. *In re the Welfare of D.M.K*, 343 N.W.2d 863, 866 (Minn.App.1984).

■ Further, a person can be considered an accomplice for purposes of Minn. Stat. § 634.04 if the person "intentionally aids, advises, hires, counsels, or conspires with or otherwise procures the other to commit the crime" under Minn.Stat. § 609.05, subd. 1 (2004). *See D.M.K.*, 343 N.W.2d at 867. Under section 609.05, "liability attaches when one plays some knowing role in the commission of a crime and takes no steps to thwart its completion." *State v. Swanson*, 707 N.W.2d 645, 658–59 (Minn.2006) quoting *State v. Pierson*, 530 N.W.2d 784, 788 (Minn.1995).

*State v. Parker*, 282 Minn. 343, 164 N.W.2d 633 (1969), is an instructive case on the scope of accomplice liability. In *Parker*, the victim was attacked while he was giving a ride to three strangers. 282 Minn. at 346–47, 164 N.W.2d at 635–36. The defendant drove the car while one of his accomplices severely beat the victim in the back seat. *Id.* The defendant did nothing to prevent the beating or robbery, or to oppose the beating or subsequent robbery of the victim as those acts occurred. *Id.* at 355, 164 N.W.2d at 641. The court held that although the defendant had claimed not to have played an active role in a robbery and beating, he could be held liable as an accomplice because his presence and failure to object to the crime aided the primary offender in the commission of the crime. *Id.; c.f. State v. Gruber*, 264 N.W.2d 812, 819 (Minn.1978) (finding the evidence inadequate to support a charge of aiding and abetting an offense when the defendant supplied a gun and car keys to the offender hours before they were used to commit manslaughter and there was no evidence that the defendant intended that the gun be used in the crime).

■ Although the district court found that C.F. was not the one who actually damaged the truck, "a person may aid or abet without actively participating in the overt act," and this fact does not exclude him from culpability as an accomplice based on these facts. *Parker*, 282 Minn. at 355–56, 164 N.W.2d at 641. As in *Parker*, C.F.'s participation in the events can be inferred from his presence during the commission of the crime, his knowledge of the irresponsible use of the B.B. gun, his lack of objection to appellant's alleged behavior, the fact that he provided the B.B. gun with the intent that it be used to shoot out of the window, and his own use of the B.B. gun. In fact, he admitted at trial that he orally encouraged appellant to use the B.B. gun to shoot at his neighbor, which resulted in the damage to the truck window. Because of his direct involvement in and encouragement of the perpetration of the crime at issue, we find that C.F. is an accomplice for the purposes of Minn.Stat. § 634.04.

## II.

■ Minn.Stat. § 634.04 requires that accomplice testimony be corroborated. The statute embodies the "common law's long-standing mistrust of the testimony of the accomplice. The accomplice may testi-

fy against another in the hope of or upon the promise of immunity or clemency or to satisfy other self-serving or malicious motives." *Shoop*, 441 N.W.2d at 478. "Evidence that merely shows the commission of the crime or the circumstances thereof is not sufficient to corroborate accomplice testimony." *State v. Johnson*, 616 N.W.2d 720, 727 (Minn.2000). Corroborating evidence may be direct or circumstantial; it is viewed in the light most favorable to the verdict, and "while it need not establish a prima facie case of the defendant's guilt, it must point to defendant's guilt in some substantial way." *Id.; see also* Minn.Stat. § 634.04.

■■■■ C.F. gave the only testimony indicating that appellant shot the B.B. gun through the truck window. Both appellant and his brother testified that appellant had not had the gun. There is no evidence other than C.F.'s testimony in the record showing that the window was broken while appellant and his brother were at C.F.'s apartment, much less that the gun was held by appellant at the time of the incident. Our thorough review of the record convinces us that C.F.'s testimony was uncorroborated by any other evidence in the record. Standing alone, it is insufficient to permit a determination that appellant was guilty beyond a reasonable doubt.

We are cited no authority, nor has our independent research revealed any, that would permit relaxation or suspension in a trial to the court without a jury of the requirement that testimony of an accomplice be corroborated. A policy decision relaxing or suspending the requirements of Minn.Stat. § 634.04 is one not properly made by this court. *See* Minn.Stat. §§ 645.08, 645.16–645.17 (2006).

■■■ Finally, in a delinquency adjudication, as in a criminal case, the Due Process Clause requires the state to prove beyond a reasonable doubt every fact necessary to establish the charged crime. *In re Winship*, 397 U.S. 358, 364–67, 90 S.Ct. 1068, 1073–74, 25 L.Ed.2d 368, (1970). In the absence of C.F.'s testimony, there are no facts implicating appellant in the commission of damage of property under Minn. Stat. § 609.595, subd. 1(3) (2004), for breaking the truck window. Because C.F. was an accomplice such that reliance solely on his testimony was improper, the remaining evidence on the record is insufficient to uphold appellant's adjudication of delinquency. We therefore vacate that adjudication.

## DECISION

Because appellant's adjudication of delinquency is based on the uncorroborated testimony of an accomplice, there was insufficient evidence to support a finding of guilt beyond a reasonable doubt.

**Reversed.**