*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0835**

State of Minnesota,
Respondent,

vs.

Aaron Paul Hamilton,
Appellant.

**Filed July 27, 2015
Affirmed
Halbrooks, Judge**

Dakota County District Court
File No. 19HA-CR-13-1206

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James C. Backstrom, Dakota County Attorney, G. Paul Beaumaster, Assistant County Attorney, Hastings, Minnesota (for respondent)

Mary F. Moriarty, Chief Hennepin County Public Defender, Paul J. Maravigli, Assistant Public Defender, Minneapolis, Minnesota (for appellant)

Considered and decided by Hooten, Presiding Judge; Halbrooks, Judge; and Reilly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HALBROOKS**, Judge

Appellant challenges his conviction of possession of a firearm by an ineligible person, arguing that (1) the district court plainly erred by failing to instruct the jury on

accomplice testimony and (2) the evidence was insufficient to convict him because the accomplice testimony was not corroborated. We affirm.

## FACTS

When appellant Aaron Hamilton and his girlfriend arrived at the apartment of their recent acquaintance, S.W., one April morning, Hamilton had a handgun holstered on his right hip. S.W. also saw the handgun on Hamilton's hip when he left her apartment at noon and when he returned at 3:00 p.m. Around 4:00 or 5:00 p.m., S.W. left to meet friends for dinner. After hearing from her dinner companions that Hamilton had violent tendencies, S.W. called 911, asked for help removing Hamilton from her apartment, and stated that he had a gun. S.W. did not return to her apartment that evening.

Hastings police officers responded to S.W.'s call, knowing that Hamilton had an active department of corrections warrant. Hamilton's girlfriend answered the door, was taken into custody, and indicated that Hamilton had fled into a back bedroom. Officers received no response to their calls to Hamilton to come out. Believing that they had established a secure exterior perimeter and that Hamilton was in the back bedroom with a gun, officers requested assistance from the Dakota County MAAG team.[1]

When the MAAG team later entered the back bedroom, no one was there. Instead they found a wide-open window with its screen pushed out and a loaded handgun, which S.W. later identified as Hamilton's. Swabs of the handgun contained insufficient genetic

---

[1] The MAAG team is a multi-agency team with specialized training to apprehend barricaded suspects.

information for any DNA comparison. Hours later, officers located Hamilton nearby, barefoot, and wearing only a t-shirt in the cool mid-April weather.

The state charged Hamilton with possession of a firearm by an ineligible person in violation of Minn. Stat. § 609.165, subd. 1b(a) (2012).[2] The jury found Hamilton guilty of the firearm-possession charge and later made findings in support of aggravating factors. The district court imposed a sentence that included an upward departure. Hamilton now challenges his conviction.

## D E C I S I O N

Hamilton argues that S.W. could reasonably be considered an accomplice and that therefore an accomplice-testimony jury instruction was required. A defendant cannot be convicted based on the "testimony of an accomplice, unless it is corroborated by such other evidence as tends to convict the defendant of the commission of the offense." Minn. Stat. § 634.04 (2012). District courts therefore "have a duty to instruct juries on accomplice testimony in any criminal case in which it is reasonable to consider any witness against the defendant to be an accomplice." *State v. Barrientos–Quintana*, 787 N.W.2d 603, 610 (Minn. 2010) (quotation omitted). The district court's "duty arises from the very real possibility that a jury might discredit all testimony except the accomplice testimony, and thus find the defendant guilty on the accomplice testimony alone." *State v. Cox*, 820 N.W.2d 540, 548 (Minn. 2012) (quotations omitted).

---

[2] The state also charged Hamilton with first-degree controlled-substance crime in violation of Minn. Stat. § 152.021, subd. 2(a)(1) (2012), based on methamphetamine found near the handgun. The jury acquitted Hamilton of this charge.

3

An accomplice is generally "one who could have been charged with and convicted of the crime with which the [defendant] is charged." *State v. Swanson*, 707 N.W.2d 645, 652 (Minn. 2006). "In order for a witness to be an accomplice for the purposes of section 634.04, there must be some evidence that the defendant and witness were accomplices." *Id*. at 653. A witness who is alleged to have committed the crime instead of the defendant is not an accomplice. *Id*. Nor is an accessory after the fact an accomplice. *State v. Henderson*, 620 N.W.2d 688, 701 (Minn. 2001). And "[p]articipants guilty of one crime are not accomplices of those guilty of a separate and distinct crime." *State v. Swyningan*, 304 Minn. 552, 556, 229 N.W.2d 29, 33 (1975).

Our supreme court has held that if the question of a witness's accomplice status is "close," the district court should instruct the jury on the accomplice-testimony rule and leave the fact question as to the witness's status for the jury's determination. *Barrientos–Quintana*, 787 N.W.2d at 612. "[T]he duty to instruct on accomplice testimony remains regardless of whether counsel for the defendant requests the instruction." *State v. Strommen*, 648 N.W.2d 681, 689 (Minn. 2002).

Hamilton neither requested such an instruction nor objected to its omission.[3] Accordingly, we review for plain error. *See State v. Clark*, 755 N.W.2d 241, 251 (Minn.

---

[3] The pattern jury instruction provides in part:
> You cannot find the defendant guilty of a crime on the testimony of a person who could be charged with that crime, unless that testimony is corroborated by other evidence that tends to convict the defendant of the crime. Such a person who could be charged for the same crime is called an accomplice.

10 *Minnesota Practice*, CRIMJIG 3.18 (5th ed. 2006).

2008). Under that standard, an appellant must demonstrate that there is (1) error; (2) that is plain; and (3) the error affected his substantial rights. *State v. Griller*, 583 N.W.2d 736, 740 (Minn. 1998). Plain error requires reversal only if "the fairness, integrity, or public reputation of the judicial proceeding is seriously affected." *Barrientos–Quintana*, 787 N.W.2d at 611 (quotation omitted).

Because there is no evidence in the record that S.W. was an ineligible person or that she ever possessed the handgun, S.W. could not have been charged with and convicted of that crime. There is a similar absence of evidence that S.W. intentionally aided, advised, hired, counseled, conspired with, or otherwise procured Hamilton to possess the firearm. *See In re Welfare of S.H.H.*, 741 N.W.2d 917, 920 (Minn. App. 2007) (applying Minn. Stat. § 609.05, subd. 1 (2004), and finding that the witness was an accomplice because of his direct involvement in and encouragement of perpetrating the crime).

Although defense counsel argued in closing that the gun could have been S.W.'s, this would not make her an accomplice to Hamilton's possession. *See Swanson*, 707 N.W.2d at 652. "[I]n order to be an accomplice, the witness must have played a knowing role in the crime—the witness' mere presence at the scene is not sufficient." *State v. Pendleton*, 759 N.W.2d 900, 907 (Minn. 2009). We therefore conclude that there was no basis to instruct the jury on the need for corroboration of accomplice testimony. Thus, the district court did not err in omitting the instruction.

Hamilton also argues that the evidence is insufficient to convict him of illegal possession of a firearm because it was based solely on S.W.'s uncorroborated testimony.

A conviction cannot be based on uncorroborated accomplice testimony. Minn. Stat. § 634.04. But a conviction *can* be based upon the testimony of a single witness who is not an accomplice. *State v. Foreman*, 680 N.W.2d 536, 539 (Minn. 2004). Assessing witness credibility and the weight of testimony is exclusively the province of the jury. *Pendleton*, 759 N.W.2d at 909. Appellate courts "may assume that the jury credited the state's witnesses and rejected any contrary evidence." *Id*.

The state presented evidence that S.W. saw the handgun on Hamilton's person, that the handgun was found in a room from which Hamilton had fled through an open window, and that Hamilton was later apprehended nearby in a state of undress, suggesting that he had gone outside hurriedly. Attacking S.W.'s credibility was a critical aspect of Hamilton's defense, and Hamilton's counsel emphasized in closing argument the degree to which the prosecution relied on S.W.'s testimony. But the jury rejected Hamilton's arguments with respect to the firearm charge. Because S.W. could not reasonably be considered an accomplice to that crime and because witness credibility and the weight of testimony is exclusively the province of the jury, we conclude that the evidence was sufficient to support Hamilton's conviction.

**Affirmed.**