*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-2173**

In the Matter of the Welfare of:
L. J. S., Child

**Filed September 8, 2015
Affirmed
Johnson, Judge**

Nobles County District Court
File No. 53-JV-14-163

Cathryn Middlebrook, Chief Appellate Public Defender, Susan Andrews, Assistant Public Defender, St. Paul, Minnesota (for appellant L.J.S.)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Kathleen A. Kusz, Nobles County Attorney, Joel B. Whitlock, Assistant County Attorney, Worthington, Minnesota (for respondent state)

Considered and decided by Johnson, Presiding Judge; Bjorkman, Judge; and Kirk, Judge.

**U N P U B L I S H E D   O P I N I O N**

**JOHNSON**, Judge

The Nobles County District Court found L.J.S. guilty of two counts of possession of stolen property based on evidence that he possessed a stolen pick-up truck and a stolen car. On appeal, L.J.S. argues that the evidence is insufficient to sustain the findings of guilt because the evidence does not sufficiently corroborate the testimony of his accomplice, as required by section 634.04 of the Minnesota Statutes. We affirm.

## FACTS

On September 16, 2014, a resident of Brandon, South Dakota, reported that his pick-up truck had been stolen overnight from a parking lot outside his apartment building. Three days later, a resident of Rushmore, Minnesota, reported that her car had been stolen overnight from her driveway. That same morning, a farmer near the city of Worthington found the stolen pick-up truck in his cornfield, and a police officer found the stolen car in the parking lot of a hotel in Worthington.

Based on information that a runaway teenager was staying in a room at the hotel, a police officer knocked on the door of the room. Manuel Contreras, then 18 years old, answered the door and gave law-enforcement officers permission to enter the room. The officers saw four juveniles, including L.J.S., another male juvenile, K.T.P., and two female juveniles. The officers also saw car keys on a dresser, which turned out to be the keys to the stolen car that was parked outside.

On September 23, 2014, the state charged L.J.S., then 17 years old, with two counts of possession of stolen property, in violation of Minn. Stat. § 609.53, subd. 1 (2014). The district court consolidated L.J.S.'s case with the cases of K.T.P. and the two other juveniles and held a court trial in November 2014. The state presented seven witnesses: Contreras, the owners of the two vehicles, the farmer who found the stolen truck, and three law-enforcement officers.

Contreras was the state's primary witness and testified as follows. He previously had pleaded guilty to one count of possession of stolen property. He did not steal either vehicle, but he knew that each vehicle had been stolen, and he was either a driver or a

2

passenger of each vehicle. He was in jail in Sioux Falls, South Dakota, on an unrelated theft charge on September 16, 2014, the day the truck was reported stolen. When he was released the following day, a friend picked him up and drove him to the hotel in Worthington, where he met L.J.S., K.T.P., and the other two juveniles. Contreras left the hotel shortly thereafter to visit a family member in Rushmore. But K.T.P. called him to ask whether he would help "rob some cars." L.J.S. and K.T.P. drove to Rushmore to pick up Contreras in the stolen truck. The three of them entered cars that did not belong to them and stole money. When the stolen truck was low on gas, Contreras drove it into the countryside, and L.J.S. and K.T.P. followed in the stolen car. Contreras left the stolen truck in a cornfield and got into the stolen car with L.J.S. and K.T.P., and they drove back to the Worthington hotel.

The state introduced a video-recording from a surveillance camera at the parking lot where the truck was stolen, which shows one vehicle enter the parking lot at approximately 4:00 a.m. and two vehicles, including the truck, leave a few minutes later. Four persons were visible in the video, but none could be identified. Nobles County Deputy Sheriff Kristi Liepold testified that when the stolen truck was found in the cornfield, officers saw a footprint in the mud nearby that was determined to match Contreras's shoes.

L.J.S. did not testify or present any other evidence, and none of the other three juveniles presented any evidence. The district court found L.J.S. guilty on both counts. The district court also found K.T.P. guilty on two counts of the same offense but granted the motions for judgment of acquittal filed by the other two juveniles, which the state did

3

not oppose. The district court adjudicated L.J.S. delinquent and ordered him to participate in a 60-day program at the Minnesota Correctional Facility in Togo but stayed that part of the disposition and placed him on supervised probation for two years and ordered him to perform 100 hours of community service. L.J.S. appeals.

## D E C I S I O N

L.J.S. argues that the evidence is insufficient to support the district court's findings of guilt because the evidence does not sufficiently corroborate the testimony of his accomplice, Contreras.

A defendant cannot be convicted on the basis of the "testimony of an accomplice, unless it is corroborated by such other evidence as tends to convict the defendant of the commission of the offense." Minn. Stat. § 634.04 (2014); *State v. Chavarria-Cruz*, 839 N.W.2d 515, 519 (Minn. 2013). "Corroborating evidence is sufficient to convict if it reinforces the truth of the accomplice's testimony and points to the defendant's guilt in some substantial degree." *State v. Bowles*, 530 N.W.2d 521, 532 (Minn. 1995). The corroborating evidence may consist of circumstantial evidence. *Id.* The corroborating evidence may be sufficient even if it is not strong evidence of guilt and even if the evidence would not, by itself, establish a *prima facie* case of guilt. *In re Welfare of K.A.Z.*, 266 N.W.2d 167, 170 (Minn. 1978); *State v. Mathiasen*, 267 Minn. 393, 397-98, 127 N.W.2d 534, 538 (1964). "The quantum of corroborative evidence needed necessarily depends on the circumstances of each case." *State v. Adams*, 295 N.W.2d 527, 533 (Minn. 1980). This court applies a *de novo* standard of review to the question

4

whether the evidence is sufficient to corroborate accomplice testimony. *In re Welfare of S.H.H.*, 741 N.W.2d 917, 919, 921 (Minn. App. 2007).

In this case, the state was required to prove, with respect to both the stolen truck and the stolen car, that L.J.S. received or possessed a stolen vehicle, "knowing or having reason to know" that the vehicle was stolen. Minn. Stat. § 609.53, subd. 1. In a seven-page memorandum, the district court recognized that the state "relied heavily on the testimony of Contreras" and that Contreras's testimony "must be sufficiently corroborated by additional evidence." The district court reasoned that additional evidence corroborated Contreras's testimony in three ways. First, the district court reasoned that the footprint evidence corroborated Contreras's testimony that L.J.S. and K.T.P. assisted him in abandoning the stolen truck in the cornfield by giving him a ride to Worthington in the stolen car because that evidence shows that Contreras was at the cornfield, and other evidence shows that he later was present in Worthington. Second, the district court reasoned that the testimony of law-enforcement officers corroborates Contreras's testimony that L.J.S. was associating with Contreras. In addition, exhibits consisting of photographs show a "mess of food and alcohol containers throughout the room," which indicates that L.J.S. had been "hanging out" in the hotel room for a period of time. Third, the district court reasoned that the testimony of law-enforcement officers concerning the car keys found in the hotel room and the stolen car parked outside the room corroborates Contreras's testimony concerning L.J.S.'s possession of the stolen car.

The corroborating evidence on which the district court relied is sufficient to satisfy the requirements of section 634.04. The state's corroborating evidence confirms that

5

L.J.S. received or possessed two vehicles that he knew to be stolen. *See* Minn. Stat. § 609.53, subd. 1. The state's corroborating evidence, standing alone, may not be sufficient evidence of L.J.S.'s guilt, but that is immaterial. *See K.A.Z.*, 266 N.W.2d at 170; *Mathiasen*, 267 Minn. at 397-98, 127 N.W.2d at 538. Section 634.04 requires only that the state's corroborating evidence "reinforce[] the truth of the accomplice's testimony and point[] to the defendant's guilt in some substantial degree," *Bowles*, 530 N.W.2d at 532, such that the defendant's "connection to the crime may be fairly inferred" from the evidence, *Adams*, 295 N.W.2d at 533. The corroborating evidence in this case satisfies this test.

L.J.S. contends that the state's other evidence does not effectively corroborate Contreras's testimony because it shows only "that [L.J.S.] and Contreras were in the same hotel room on the morning the police arrived to investigate" the stolen car. We believe that the corroborating evidence that links L.J.S. to Contreras is significant. Contreras admitted to possessing two stolen vehicles, and he testified that he did so with L.J.S. and K.T.P. Law-enforcement officers corroborated the connection between L.J.S. and Contreras by testifying that they found both of them in the same hotel room, near the keys to the stolen car, with the stolen car parked outside the room. "Corroborating evidence may be found in a defendant's association with others involved in the crime in such a way as to suggest joint participation, from the defendant's motive and opportunity to commit the crime, and from his proximity to the place where the crime was committed." *State v. Her*, 668 N.W.2d 924, 927 (Minn. App. 2003) (quotation omitted), *review denied* (Minn. Dec. 13, 2003). Furthermore, the district court relied on more than

6

the association between L.J.S and Contreras; the district court also noted that the physical evidence is consistent with Contreras's testimony.

In sum, Contreras's testimony was corroborated by other evidence that "tends to convict the defendant of the commission of the offense." *See* Minn. Stat. § 634.04. Thus, the evidence is sufficient to support the district court's findings of guilt.

**Affirmed.**