**STATE of Minnesota, Respondent,**

v.

**Larry Richard HACKLER, Appellant.**

No. C9–94–1626.

Supreme Court of Minnesota.

June 2, 1995.

### ORDER

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the petition of Larry Richard Hackler for further review of the unpublished decision of the Court of Appeals be, and the same is, granted for the limited purpose of vacating petitioner's conviction of assault in the second degree on the ground that it is a lesser included offense of the offense of assault in the first degree, of which petitioner was convicted on the basis of the same conduct. Minn.Stat. § 609.04 forbids two convictions of the same offense or one offense and a lesser included offense on the basis of the same criminal act. The court of appeals reasoned that assault in the second degree is not a "necessarily included offense" of assault in the first degree. However, section 609.04 makes it clear that the term "included offense" includes "a lesser degree of the same crime." Contrary to what the court of appeals said, the fact that the lesser offense is not necessarily proved by proof of the commission of the greater offense does not mean that the lesser offense is not an included offense under section 609.04. If the lesser offense is a lesser degree of the same crime or a lesser degree of a multi-tier statutory scheme dealing with a particular subject, then it is an "included offense" under section 609.04. *State v. Tenhoff,* 322 N.W.2d 354, 356–57 (Minn.1982); *Matter of Welfare of K.A.Z.*, 266 N.W.2d 167, 170 (Minn.1978); and *State v. Leinweber*, 303 Minn. 414, 415, 421, 228 N.W.2d 120, 122, 125 (1975). In summary, petitioner's conviction of attempted first-degree murder and of assault in the first degree are affirmed but petitioner's conviction of assault in the second degree is

vacated (as was the conviction of attempted second-degree murder). Affirmed as modified.

BY THE COURT:

/s/ Alexander M. Keith
Chief Justice