**STATE of Minnesota, Respondent,**

v.

**Lancintino Antwon FLEMINO, Appellant.**

No. A05–1384.

Court of Appeals of Minnesota.

Sept. 5, 2006.

Mike Hatch, Attorney General, and Susan Gaertner, Ramsey County Attorney, Patrick J. Swift, Assistant County Attorney, St. Paul, MN, for respondent.

John M. Stuart, State Public Defender, Davi E. Axelson, Assistant Public Defender, Minneapolis, MN, for appellant.

Considered and decided by ROSS, Presiding Judge; GORDON W. SHUMAKER, Judge; and WRIGHT, Judge.

# O P I N I O N

GORDON W. SHUMAKER, Judge.

Appellant challenges his first-degree aggravated-robbery conviction, arguing that the district court abused its discretion in ruling that he could be impeached with his prior convictions if he testified. He contends that the rationale that evidence of even crimes not bearing on credibility allows the jury to see the "whole person" should be abandoned. We affirm.

## FACTS

The state charged appellant Lancintino Antwon Flemino with first-degree aggravated robbery and domestic assault, alleging that Flemino came to the apartment of M.R., a woman he had dated, punched her in the face, and stole several items of jewelry, including rings, belonging to M.R. and her son.

When questioned by the police, Flemino contended that he had lent money to M.R. and that she had given him her boyfriend's ring as collateral. He stated that he went to her apartment to collect the loan but M.R. refused to pay him. He denied striking her and alleged that M.R.'s boyfriend hit her when he learned that she had given his ring to Flemino.

Flemino pleaded not guilty to the charges. During the jury trial, the state informed Flemino and the court that, if Flemino testified, the state would offer as impeachment prior felony convictions of third-degree assault, simple robbery, fifth-degree controlled-substance possession, and second-degree burglary. Flemino objected to the introduction of evidence of the convictions on the ground that none of them related to honesty or dishonesty and that the court's ruling would affect his decision of whether to testify. The court ruled that the robbery and assault convictions were inadmissible but that the burglary and drug-possession convictions could be admitted if Flemino testified.

Flemino opted not to testify but the version of the incident that he related to

the police was recorded and introduced into evidence by the state. The jury found Flemino guilty of first-degree aggravated robbery. The domestic-assault charge was not submitted to the jury.

Flemino appeals from the conviction, challenging the court's evidentiary ruling.

## ISSUE

May felony convictions of burglary and drug possession be admissible for impeachment even though they do not directly show dishonesty?

## ANALYSIS

Contending that the district court erred in ruling that his prior felony convictions of burglary and drug possession were admissible for impeachment if he testified, Flemino states the essence of his argument in his brief as follows: "Here, in a he said/she said case, appellant was presented with the Hobson's choice of: not presenting his version of what happened or presenting his version and having his character attacked by prior convictions for offenses not involving dishonesty."

The district court enjoys broad discretion in its evidentiary rulings, and we will not reverse on appeal absent a showing of a clear abuse of that discretion. *State v. Swanson*, 707 N.W.2d 645, 654 (Minn.2006); *State v. Grayson*, 546 N.W.2d 731, 736 (Minn.1996).

In a criminal case, it is improper to introduce evidence of an accused's character so as to invite an inference that the accused had a propensity to commit the crime charged. Minn. R. Evid. 404(a). But subject to certain limitations, it is permissible to introduce evidence of an accused's prior criminal convictions to impeach his credibility if he testifies at trial. Minn. R. Evid. 609(a).

There are two categories of prior criminal convictions allowed for impeachment under rule 609(a). The first is felonies. The second is crimes of dishonesty and false statement, irrespective of the level of the crime. To be admissible under the first category, the crime need not involve dishonesty, false statement, or deceit. But to be admissible under that category the court must determine "that the probative value of admitting this evidence outweighs its prejudicial effect." Id. In making that determination, the court must consider (1) the impeachment value of the prior crime; (2) the conviction date and the accused's subsequent history; (3) the similarity of the past crime and the charged crime; (4) the importance of the accused's testimony; and (5) the centrality of the credibility issue. *State v. Jones*, 271 N.W.2d 534, 538 (Minn.1978). The state does not contend that Flemino's prior felony convictions of burglary and drug possession were crimes of dishonesty or false statement but rather argues that they were admissible under the felony category.

The rationale for admitting felonies that do not directly implicate honesty is that the jury should be allowed to consider a testifying witness as a "whole person." *State v. Gassler*, 505 N.W.2d 62, 67 (Minn. 1993). More specifically, the rationale enables the jury to consider a witness's "[l]ack of trustworthiness ... by his ... repeated contempt for laws which he is legally and morally bound to obey." *State v. Brouillette*, 286 N.W.2d 702, 707 (Minn. 1979) (quotation omitted). To say that this rationale has been criticized would be an understatement, for it has been repeatedly assailed ever since Jeremy Bentham's famous proclamation of the absurdity of suggesting that a person is a liar because he killed another for calling him a liar. Bentham, *Rationale of Judicial Evidence* 406 (Browning's ed. 1827); *see also To Take*

*the Stand or Not to Take the Stand: The Dilemma of a Defendant with a Criminal Record,* 4 Colum. J.L. & Soc. Probs. 215 (1968).

Flemino assails the rationale as well and, pointing to the first *Jones* factor, contends that his prior burglary and drug-possession convictions have little or no impeachment value. His premise is that those convictions do not implicate his credibility because they are not crimes relating to dishonesty. But the intent of rule 609(a) seems plain. There is one category for crimes of dishonesty or false statement, crimes of *crimen falsi,* and another that allows for a broader credibility assessment, perhaps aptly described in *Brouillette* as general trustworthiness. Although credibility might be most directly and concretely assessed through considerations of past dishonesty that not only rose to the level of a crime but that also were established beyond a reasonable doubt, credibility in evidence law is broader than just those types of crimes. Bias, prior inconsistent statements, contradiction, and faulty perception or inaccurate recollection all implicate credibility, even though they might not involve dishonesty. *See* Minn. R. Evid. 616; 10 Minnesota Practice, CRIMJIG 3.15 (1999). The broader credibility reflected in the felony category of impeachment prompts the question, noted in *Brouillette,* of whether a person who violates the law in a serious way can be trusted to tell the truth in the matter at issue.

Flemino also contends, as do many historical critics, that the jury might misuse impeachment evidence and rely on it as propensity evidence. That risk likely exists but it is diminished by the court's careful exercise of discretion in applying the *Jones* factors; by cautionary instructions, which the law presumes the jury will follow; and by the court's discretion to allow the accused to mitigate the impeachment evidence by explaining the circumstances of the prior conviction. *See State v. Frisinger,* 484 N.W.2d 27, 32 (Minn. 1992) (holding that trial court erred in not permitting defendant to explain circumstances of prior conviction).

Viewing Flemino's convictions of burglary and drug possession in light of the broader credibility concept reflected in the felony category of rule 609(a), the district court did not abuse its discretion in ruling those convictions admissible. Furthermore, this court is without authority to alter a rule adopted by our supreme court. *See* Minn.Stat. § 480.059, subd. 1 (2004) (stating "supreme court shall have the power to regulate the pleadings, practice, procedure, and the forms thereof in criminal actions in all courts of this state, by rules promulgated by it from time to time").

Flemino also addresses three other *Jones* factors. Although he concedes that the burglary and drug convictions are within the permissible ten-year time limit under rule 609(b), he argues that other *Jones* factors weigh against admissibility. He claims his prior burglary conviction was similar to the robbery charge for which he was tried because they both involved entering a residence and committing a crime therein. But burglary involves nonconsensual entries or the withdrawal of consent. The entry here was consensual and was followed by a crime not similar in name or fact to burglary.

As to the importance of Flemino's testimony, the jury heard his version of the event through the playing of his tape-recorded statement to the police. *See State v. Bettin,* 295 N.W.2d 542, 546 (Minn.1980) (although defendant decided not to testify because the district court refused to prohibit use of a prior conviction for impeach-

ment purposes, reviewing court refused to reverse because "defendant's version of what happened did get before the jury" by way of defendant's statement being admitted). Although he argues that he preferred to respond more directly to the allegations, he has not shown that this factor weighs against admissibility.

Finally, Flemino acknowledges that, when a "defendant's credibility is crucial, the impeachment need is greater," but he argues that the state had corroborating witnesses and thus Flemino's credibility was not central. M.R.'s son and nephew were present in M.R.'s apartment when Flemino came in. These other people were asleep when Flemino struck M.R. and when he took the jewelry. None of the others could corroborate either event. Furthermore, none of the others could corroborate M.R.'s statement that the jewelry belonged to her, with the exception of a basketball necklace that belonged to her son. There were only two eyewitnesses to the crime of which Flemino was convicted, namely, Flemino and M.R. Flemino's credibility was a central issue.

The district court did not abuse its discretion in allowing into evidence for impeachment Flemino's prior burglary and drug-possession convictions.

## DECISION

The district court did not abuse its discretion in ruling that prior convictions of burglary and drug possession could be used to impeach appellant if he testified.

**Affirmed.**