*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1437**

State of Minnesota,
Respondent,

vs.

Angel Maldonado, Jr.,
Appellant.

**Filed July 20, 2015
Affirmed
Connolly, Judge**

Clay County District Court
File No. 14-CR-13-2370

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Brian J. Melton, Clay County Attorney, Moorhead, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Bridget K. Sabo, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Kirk, Presiding Judge; Connolly, Judge; and Chutich, Judge.

**U N P U B L I S H E D   O P I N I O N**

**CONNOLLY**, Judge

In this appeal from his conviction of first-degree assault with a dangerous weapon and felony domestic assault, appellant argues that the district court abused its discretion

when it admitted five of appellant's prior felony convictions under Minn. R. Evid. 609(a) after performing a *Jones* factors analysis. We affirm.

**FACTS**

On July 12, 2013, appellant Angel Maldonado attended a party with G.B., his girlfriend. M.M., V.M., T.S., and T.S.'s wife, B.S., were also present. T.S. and appellant engaged in a brief verbal argument during the party, and T.S. asked appellant to leave. As appellant and G.B. were leaving, T.S. and B.S. heard G.B. screaming and the sounds of appellant hitting her. Appellant then left with G.B. in a vehicle, but G.B. returned a few minutes later on foot. Appellant drove back to the party and allegedly threw what was later found to be a tire iron at G.B. V.M. then grabbed appellant and brought him to his vehicle, again asking him to leave the party. Appellant attempted to punch V.M. in the head, and V.M. responded by punching him back. After fighting for about two minutes, V.M. collapsed on T.S., who was watching the fight. T.S. noticed that V.M. had been stabbed. Police officers arrived and later interviewed appellant, who was unable to remember the fight with V.M. and seemed surprised and concerned when told that G.B. was also injured.

Respondent State of Minnesota charged appellant with attempted first-degree murder (premeditated) against V.M., first-degree assault (great bodily harm) against V.M., second-degree assault (dangerous weapon) against G.B., and felony fifth-degree assault (domestic) against G.B. Before the trial began, the state informed the court that it wanted to enter appellant's five prior felony convictions into evidence. These convictions included: (1) a felony domestic assault from 2007, (2) and (3) two felony

2

violations of a no-contact order from 2008 and 2009, (4) a felony escape from custody from 2008, and (5) a fifth-degree controlled-substance crime from 2013. The state wanted to use these convictions to impeach appellant and to "allow the jury to see who [appellant] is." Later, the state said that, because G.B. chose not to testify, it intended to use the five prior convictions only if appellant testified that his relationship with G.B. was peaceful. After the district court ruled that the five felony convictions were admissible, appellant decided not to testify.

For a felony domestic-assault conviction, the state must prove that a defendant has two prior domestic-violence convictions. Minn. Stat. § 609.2242, subd. 4 (2012) (stating that whoever commits domestic assault "within ten years of the first of any combination of two or more previous qualified domestic violence-related offense convictions . . . is guilty of a felony . . . ."). Outside the presence of the jury, appellant stipulated to his two prior convictions for violating a no-contact order, and they were entered into evidence.[1] Appellant was found not guilty of attempted first-degree murder (premeditated), but guilty of second-degree assault with a dangerous weapon, domestic assault, and first-degree assault. This appeal follows.

**DECISION**

Appellant argues that the district court abused its discretion when it admitted all five of his prior felony convictions. We disagree. A district court's ruling on the

---

[1] Although appellant indicated his intention to stipulate to these prior convictions before the district court's *Jones* factor analysis, the state can still use them for impeachment. *See State v. Davidson*, 351 N.W.2d 8, 11 (Minn. 1984) (stating that, while stipulation can bar evidence of a prior conviction, "[p]rior convictions would still be [usable] under Minn. R. Evid. 609 to impeach the defendant if he testified").

impeachment of a witness by prior conviction is reviewed under a clear abuse of discretion standard. *State v. Ihnot*, 575 N.W.2d 581, 584 (Minn. 1998). Whether the probative value of prior convictions outweighs their prejudicial effect is a matter within the discretion of the district court. *State v. Graham*, 371 N.W.2d 204, 208 (Minn. 1985). The district court's decision will not be reversed absent a clear abuse of discretion. *Id*. at 209.

The state can introduce evidence of prior criminal convictions "[f]or the purpose of attacking the credibility of a witness." Minn. R. Evid. 609(a). However, prior convictions may be admitted into evidence only if (1) the crime is punishable either by death or more than one year of imprisonment[2] and adds probative value greater than its prejudicial effect, or (2) the crime is one of dishonesty. *Id*. No convictions that are more than ten years old may be used for impeachment. Minn. R. Evid. 609(b). Appellant's five prior convictions all occurred between 2007 and 2013. Because appellant's prior convictions are not crimes of dishonesty, they fall under Minn. R. Evid. 609(a). *See* Minn. R. Evid. 609(a) 1989 comm. cmt. (stating that crimes of dishonesty include only those crimes involving untruthful conduct).

Whether a conviction is more probative than prejudicial is analyzed under the five *Jones* factors:

> (1) the impeachment value of the prior crime, (2) the date of the conviction and the defendant's subsequent history, (3) the similarity of the past crime with the charged crime (the greater the similarity, the greater the reason for not permitting

---

[2] Neither party contends that the appellant's five prior convictions would not fulfill these requirements.

use of the prior crime to impeach), (4) the importance of defendant's testimony, and (5) the centrality of the credibility issue.

*State v. Jones*, 271 N.W.2d 534, 538 (Minn. 1978). A district court "should demonstrate on the record that it has considered and weighed the *Jones* factors." *State v. Swanson*, 707 N.W.2d 645, 655 (Minn. 2006). *Swanson* concluded that admission of five prior felony convictions without demonstrating consideration of the *Jones* factors was error but that error was harmless because all five convictions were admissible. *Id.* at 655-56; *see also* Minn. R. Evid. 609(a) 1989 comm. cmt. ("The trial judge should make explicit findings on the record as to the factors considered and the reasons for admitting or excluding the evidence.").

A district court abuses its discretion if it does not consider "the probative value of each conviction individually." *State v. Swinger*, 800 N.W.2d 833, 838 (Minn. App. 2011), *review denied* (Minn. Sept. 28, 2011). *Swinger* does not state how extensively each conviction need be considered, or whether each *Jones* factor need be addressed for each conviction. *See id.*[3] When deciding if the probative value of evidence is greater than its prejudicial effect, the district court has great discretion. *Ihnot*, 575 N.W.2d at

---

[3] In *Swinger*, the district court was found to have "abused its discretion in admitting evidence of these eight prior convictions without considering the probative value of each conviction individually," but this court ultimately found that the error was harmless. 800 N.W.2d at 838. The district court in *Swinger* never explicitly stated it was doing a *Jones* factor analysis, and stated only that credibility was central to the case, that all prior convictions were less than ten years old, and that none of them were similar to the current charges. *Id.* at 837. In contrast, the district court here explicitly stated "I have reviewed the *Jones* factors" and discussed some of the convictions and factors separately. This is an acceptable practice. *See, e.g.*, *Swanson*, 707 N.W.2d at 655-56 (analyzing the *Jones* factors together for separate offenses).

586. This court can "[consider the *Jones* factors] on appeal in determining whether the [district] court erred in the exercise of its discretion." *Laughnan v. State*, 404 N.W.2d 326, 330 (Minn. App. 1987), *review denied* (Minn. June 9, 1987).

**A.     The Impeachment Value of Prior Convictions.**

Prior convictions have impeachment value because they show the jury the defendant's "whole person." *Swanson*, 707 N.W.2d at 655 (quotation omitted). The district court considered the impeachment value individually of the domestic-assault conviction and the violations of a no-contact order by stating they "illuminate a pattern of conduct on the part of [appellant]." We recognize that "[e]vidence of other crimes or acts is inadmissible to prove the character of a person." *State v. Berry*, 484 N.W.2d 14, 17 (Minn. 1992). However, we understand the district court's statement to indicate that appellant's past convictions illuminated a pattern of conduct that revealed potential untruthfulness that could undermine his credibility. *See State v. Flemino*, 721 N.W.2d 326, 328 (Minn. App. 2006) (noting that the rationale for admitting felonies that do not directly implicate honesty is that they enable a jury to consider a witness's lack of trustworthiness as shown by the witness's repeated contempt for the laws which he is bound to obey). We conclude that this factor also weighs in favor of admitting the felony conviction of escape from custody and the fifth-degree controlled-substance crime.

**B.     The Date of Conviction.**

The district court stated on the record that the convictions from the 2008 and 2009 violations of a no-contact order and the domestic-assault conviction from 2007 "specifically are old enough so that they're not prejudicial because they're extremely

6

recent, and at the same time they're not so old that they're not helpful because of the dates they show . . . ." While the district court did not explicitly address the dates of the felony escape from custody (2008) and the felony controlled substance (2013) convictions, it stated that "all [the five prior felony convictions are] within the ten years [required by Minn. R. Evid. 609(b)]." We conclude that the district court considered the dates of all felony convictions on the record and all five felonies fall within the ten year time period.

Appellant argues that the district court did not explicitly state that the timing related to the impeachment value of the prior convictions and instead used this evidence to establish a pattern of conduct. However, the timing of past convictions is relevant to establish a "history of lawlessness." *Ihnot*, 575 N.W.2d at 586. Thus, we conclude that the district court did not err in its consideration of the timing of these convictions.

## C.    Similarity of Past Crimes to the Current Crime.[4]

Appellant contends that this factor is not met because, if the crime at hand is similar to a prior conviction, the jury may put too much emphasis on the prior conviction. However, even though three of the convictions–the violations of a no-contact order and the domestic assault–were similar to the charged domestic-assault offense, the *Jones* factors, taken collectively, can favor admitting evidence of prior convictions even when one factor is not met. *See Swanson*, 707 N.W.2d at 655-56 (finding that, although a prior assault charge was similar to the charged murder, the other four *Jones* factors were met and thus the test favored admitting the defendant's prior convictions). The escape-from-

---

[4] The record does not reflect that the district court addressed this factor.

7

custody conviction and the controlled-substance conviction are not similar to any of the offenses charged and are therefore admissible under this factor. *See Ihnot*, 575 N.W.2d at 586-87 (stating that, if a past charge is not substantially similar to the crime at hand, this factor supports admitting the past conviction into evidence). Thus, although the third *Jones* factor does not favor admission of the felonies involving the violations of a no-contact order and the domestic-assault conviction, it does favor admission of the other two felonies.[5]

## D. The Importance of the Defendant's Testimony and the Centrality of the Credibility Issue.

These two factors are generally considered together and favor admitting evidence of prior convictions if credibility is a central issue. *See, e.g., Swanson*, 707 N.W.2d at 655-56; *Ihnot*, 575 N.W.2d at 587 (considering the fourth and fifth *Jones* factors together). In this case, the district court noted that "[c]redibility is a central issue . . . given the evidence that's come [in] so far," and went on to state that this favored admitting all five felonies.

All five *Jones* factors favor the admission of the convictions relating to felony escape from custody and the fifth-degree controlled-substance crime, and four factors favor the admission of the other three convictions. In *Swanson*, as here, only one factor, similarity, did not favor admitting evidence of some prior convictions, and all of the convictions were found to be properly admitted into evidence. 707 N.W.2d at 655-56. Thus, we conclude it was not error to admit all five felony convictions into evidence here.

---

[5] As previously discussed, the felonies dealing with violations of a no-contact order would have been admitted anyway to prove an element of felony domestic assault.

Appellant further contends that the district court's failure to analyze each prior conviction was not harmless error because it kept the appellant from testifying. We disagree. We have already concluded that the admission of the five felonies was not error, but we will briefly discuss this issue in the interest of completeness.

Appellant argues that his testimony was critical to this case. But, when a defendant's theory of the case is presented through another means, the defendant's personal testimony is less important to the case. *See State v. Lloyd*, 345 N.W.2d 240, 246 (Minn. 1984) (stating that allowing prior convictions to come in under the *Jones* factors did not prevent the jury from hearing a defendant's version of events because a police officer told the jury what the defendant's version was). Here, as in *Lloyd*, the jury heard from a police officer who interviewed appellant after the incident. The jury also heard a recording of the officer's interview with appellant. Thus, even without appellant's testimony, the jury heard appellant's version of events.

Appellant contends that he was unable to tell the jury that he was acting in self-defense. However, multiple witnesses testified that appellant appeared to have wounds consistent with a fist fight. The district court also gave a self-defense jury instruction. Furthermore, a self-defense argument favors allowing prior convictions to enter into evidence because the jury must decide between competing accounts of an event. *See State v. Davis*, 735 N.W.2d 674, 680 (Minn. 2007) (stating that because "the viability of [the defendant's] self-defense claim turned largely on facts that only he could testify to, . . . his credibility was central to the case").

We therefore conclude that there was no abuse of discretion in the district court's consideration and admission of appellant's five prior felony convictions.

**Affirmed.**