*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1083**

State of Minnesota,
Respondent,

vs.

Christopher Ralph Magnuson,
Appellant

**Filed May 31, 2016
Affirmed
Worke, Judge**

Sherburne County District Court
File No. 71-CR-13-685

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Kathleen A. Heaney, Sherburne County Attorney, Timothy A. Sime, Assistant County
Attorney, Elk River, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Michael W. Kunkel, Assistant
Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Worke, Presiding Judge; Halbrooks, Judge; and

Schellhas, Judge.

**U N P U B L I S H E D   O P I N I O N**

**WORKE**, Judge

Appellant challenges his theft-by-check and theft-by-swindle convictions, arguing

that the district court abused its discretion by allowing the state to impeach appellant with

prior convictions if he chose to testify because the probative value of the evidence was outweighed by its capacity for unfair prejudice. We affirm.

**FACTS**

On March 18, 2013, appellant Christopher Ralph Magnuson executed a personal check in the amount of $36,934.63 for the purchase of a truck at Elk River Ford. Magnuson drove the vehicle off the lot. Magnuson's check was not honored because the account was closed. Elk River Ford attempted to resolve the issue with Magnuson. Magnuson initially stated that he would call the bank and rectify the situation. When he failed to do that, he stated that he would send a cashier's check. When he did not send a cashier's check, Magnuson stated that his brother would deliver payment. That too did not happen. On April 1, Elk River Ford repossessed the vehicle.

Magnuson was charged with felony theft by swindle and felony theft by check. The state moved to admit evidence of some of Magnuson's prior convictions for impeachment purposes, including: (1) a 2006 theft conviction, (2) a 2011 receiving-stolen-property conviction, (3) a 2012 fifth-degree controlled-substance-crime conviction, (4) a 2014 theft-by-false-representation conviction, (5) a 2014 receiving-stolen-property conviction, and (6) a 2015 issuance-of-a-dishonored-check conviction. The state also sought to offer different instances of behavior as *Spreigl* evidence to prove intent, knowledge, absence of mistake or accident, or common scheme or plan.

At Magnuson's jury trial, after considering the admissibility of the proffered *Spreigl* evidence, the district court instructed the jury on how to use the evidence it determined to be admissible:

The State is about to introduce evidence of occurrences on July 6th of 2013 at . . . Anoka County . . . July 20th, 2013 at Anoka County, and August 13th, 2013 at Chisago County. This evidence is being offered for the limited purpose of assisting you in determining whether [Magnuson] committed those acts with which [Magnuson] is charged in the complaint. This evidence is not to be used as proof of the character of [Magnuson] or that [Magnuson] acted in conformity with such character. [Magnuson] is not being tried for and may not be convicted of any offenses other than the charged offenses. You are not to convict [Magnuson] on the basis of occurrences on July 6th, July 20th, or August 13th of 2013 in Anoka County or Chisago [C]ount[y]. To do so might result in unjust double punishment.

Following consideration of the admissibility of the six prior convictions for impeachment purposes, the district court stated:

[H]aving done the Jones analysis . . . for purposes of impeachment only . . . I am not going to allow admission of the fifth degree controlled substance crime because I think it has limited impeachment value but a strong likelihood of prejudice. I am going to allow impeachment through the theft by [false] representation . . . .
. . . .
Additionally, I'm allowing [a] receiving stolen property [conviction] . . . because I believe that it also has strong impeachment value. It's different enough to not likely confuse the jury, the time is obviously relevant, and I think it does speak to the issues at hand in [Magnuson's] testimony. I'm also going to allow [the other receiving stolen property conviction]. I'm going to exclude the theft . . . both because of its age and because I don't know that it speaks to impeachment. And I'm not going to allow the issuance of a dishonored check, because I think it has a lot of potential to confuse the jury with the facts in this case and I don't know that it has impeachment value.

3

The district court determined that evidence of three of the six prior convictions was admissible for impeachment purposes—the theft-by-false-representation conviction and the two receiving-stolen-property convictions.

Magnuson waived his right to testify because he was subject to impeachment by his prior convictions. The jury found Magnuson guilty of theft by swindle and theft by check. Based on the jury's findings that the state proved beyond a reasonable doubt that Magnuson has five or more prior felony convictions and that the current offense was committed as a part of a pattern of criminal conduct, the district court sentenced Magnuson as a career offender to 120 months in prison. This appeal follows.

## D E C I S I O N

Magnuson argues that the district court abused its discretion by permitting the state to impeach him with the three prior felony convictions if he chose to testify. This court reviews the district court's ruling on impeachment by prior conviction for a clear abuse of discretion. *State v. Ihnot*, 575 N.W.2d 581, 584 (Minn. 1998).

First, Magnuson argues that the district court abused its discretion by admitting evidence of a theft-by-false-representation conviction. The state may attack the credibility of a testifying defendant by impeaching him with evidence of a prior conviction of an offense that "involved dishonesty or false statement." Minn. R. Evid. 609(a)(2).

In his reply brief, Magnuson concedes that this conviction is admissible for impeachment purposes because it involved dishonesty or false statement. We generally accept a party's concession when there is no fault in the district court's analysis. *State v.*

4

*Werner*, 725 N.W.2d 767, 770 n.1 (Minn. App. 2007). Because Magnuson concedes that the district court could have appropriately admitted evidence of the theft-by-false-representation conviction, his argument is focused on the prejudicial impact of the district court's decision to admit evidence of the two receiving-stolen-property convictions.

The state may impeach a testifying defendant with evidence of a prior felony conviction if (1) no more than ten years have elapsed since the date of conviction or since the witness was released from confinement for that conviction and (2) the district court determines that the probative value of admitting the evidence of conviction outweighs its prejudicial effect. Minn. R. Evid. 609(a)(1), (b); *State v. Zornes*, 831 N.W.2d 609, 626-27 (Minn. 2013). To determine whether the probative value of Magnuson's prior convictions outweighed their prejudicial effect, the district court applied a five-factor test, considering:

> (1) the impeachment value of the prior crime, (2) the date of the conviction and the defendant's subsequent history, (3) the similarity of the past crime with the charged crime (the greater the similarity, the greater the reason for not permitting use of the prior crime to impeach), (4) the importance of defendant's testimony, and (5) the centrality of the credibility issue.

*See State v. Jones*, 271 N.W.2d 534, 538 (Minn. 1978).

*Impeachment value of prior crime*

The district court found that the receiving-stolen-property convictions have "strong impeachment value." "[A]*ny* felony conviction is probative of a witness's credibility, and the mere fact that a witness is a convicted felon holds impeachment value." *State v. Hill*, 801 N.W.2d 646, 652 (Minn. 2011). The convictions have

5

probative value because they enable the jury to see Magnuson as a "whole person" and better judge his credibility. *See id.* at 651 (quotation omitted).

Magnuson admits that his prior convictions were relevant to his credibility, but asserts that the state presented the jury with *Spreigl* evidence relevant to his character for truthfulness. However, the district court instructed the jury that the *Spreigl* evidence, was "not to be used as *proof of the character of* [*Magnuson*] or that [Magnuson] acted in conformity with such character." (Emphasis added.) This factor weighs in favor of admission.

*Date of conviction and defendant's subsequent history*

The district court found that the time of the convictions "is obviously relevant." Magnuson's convictions are not stale because they occurred in 2011 and 2014, fewer than ten years before the current crime. *See* Minn. R. Evid. 609(b). Magnuson concedes that this factor weighs in favor of admission.

*Similarity of past crime with charged crime*

The district court found that the receiving-stolen-property convictions were "different enough to not likely confuse the jury." Generally, the more similar the prior conviction to the charged offense the greater the danger that the jury will use the evidence for substantive, rather than impeachment, purposes. *State v. Lloyd*, 345 N.W.2d 240, 247 (Minn. 1984).

Magnuson asserts that "[t]hough the crime of receiving stolen property does not necessarily involve the same acts of dishonesty inherent in a theft offense, it is nevertheless dependent upon and related to an unlawful taking of property that the

6

defendant is later found to possess." But in *State v. Flemino*, this court rejected a similar argument that a prior burglary conviction was similar to a robbery charge because "both involved entering a residence and committing a crime therein," stating that the crimes were "not similar in name or fact." 721 N.W.2d 326, 329 (Minn. App. 2006).

Here, when the district court considered the prior felonies offered by the state, it excluded the issuance-of-a-dishonored-check conviction because "it ha[d] a lot of potential to confuse the jury with the facts in this case." Thus, the district court considered the similarity of all prior offenses to the current charges. And Magnuson cites no authority to support the position that receiving stolen property and theft by swindle and theft by check are similar offenses. This factor weighs in favor of admission, but even if it weighed against admission, it does not preclude admission. *See State v. Hochstein*, 623 N.W.2d 617, 624-25 (Minn. App. 2001) (stating that this factor weighed against admission when prior crime was nearly identical to charged crime but affirming admission based on other factors).

*Importance of defendant's testimony and centrality of credibility issue*

The fourth and fifth *Jones* factors are often considered together. *State v. Swanson*, 707 N.W.2d 645, 655 (Minn. 2006). "If credibility is a central issue in the case, the fourth and fifth *Jones* factors weigh in favor of admission of the prior convictions." *Id.*

Magnuson argues that his "testimony was essential to his defense" because it would have shown his subjective intent in taking the truck—whether it satisfied the permanent-deprivation element. He claims that if he had testified, the jury would have been able to determine whether he was being truthful about his intent. If the jury were to

7

consider the truthfulness of his testimony, his credibility would be centrally important in this case, which weighs in favor of admission.

In sum, the *Jones* factors weigh in favor of admission; therefore, the district court did not abuse its discretion in ruling that evidence of Magnuson's prior receiving-stolen-property convictions was admissible for impeachment purposes.

Magnuson asserts that he chose not to testify because of the district court's ruling on the admissibility of the impeachment evidence, which prevented him from presenting a complete defense. But because the district court did not abuse its discretion in ruling the evidence admissible, the district court did not violate Magnuson's right to testify and present a complete defense. *See State v. Gassler*, 505 N.W.2d 62, 68 (Minn. 1993) (stating that "it is only when a [district] court has abused its discretion under Rule 609 . . . that a defendant's right to testify may be infringed by the threat of impeachment evidence").

**Affirmed.**