*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1455**

State of Minnesota,
Respondent,

vs.

Travis Loren Clemmensen,
Appellant.

**Filed October 3, 2016
Affirmed in part and vacated in part
Peterson, Judge**

Steele County District Court
File No. 74-CR-14-1965

Lori Swanson, Attorney General, Edwin W. Stockmeyer, Assistant Attorney General, St. Paul, Minnesota; and

Dan McIntosh, Steele County Attorney, Owatonna, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Benjamin J. Butler, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Peterson, Presiding Judge; Hooten, Judge; and Bratvold, Judge.

**U N P U B L I S H E D   O P I N I O N**

**PETERSON**, Judge

In this appeal from convictions of third-degree assault and domestic assault, appellant argues that (1) his third-degree-assault conviction must be reversed because the

state did not prove that the assault resulted in substantial bodily harm; and (2) his domestic-assault conviction must be vacated because domestic-assault is a lesser-included offense of third-degree assault, or his sentence for domestic assault must be vacated because both offenses were committed during a single behavioral incident. We affirm appellant's convictions and vacate his sentence for domestic assault.

## FACTS

Following an argument between appellant Travis Loren Clemmensen and his domestic partner L.J., Clemmensen repeatedly punched L.J. in the face and chest, strangled him, and tackled him to the ground. The assault caused damage to L.J.'s denture and glasses and injuries to his face, gums, head, and knee. The knee injury resulted in L.J.'s knee popping out of its socket, which caused L.J. to fall to the ground if he attempted to stand for more than a very brief time. For five months after the assault, L.J. used a cane and a full-immobilization leg brace. At the time of trial, L.J.'s knee was still popping out of its socket, and his mobility was limited in that he could not ascend stairs in the normal manner and, instead, had to put both feet on the same stair before climbing to the next stair.

A jury found Clemmensen guilty of one count of third-degree assault and one count of misdemeanor domestic assault. The district court stayed imposition of sentence for the third-degree-assault conviction, placed Clemmensen on probation for up to five years as a condition of the stay, and imposed a 90-day sentence for the domestic-assault conviction.

# DECISION

## I.

*Third-degree-assault conviction*

An element of third-degree assault is that the assault "inflicts substantial bodily harm." Minn. Stat. §609.223, subd. 1 (2014). Substantial bodily harm includes a "bodily injury" that "causes a temporary but substantial loss or impairment of the function of any bodily member." Minn. Stat. § 609.02, subd. 7a (2014). This court has "noted that the word 'substantial,' as used in the phrase 'substantial bodily harm,' is a term employed in common usage and legal proceedings to mean 'considerable size or amount.'" *State v. Larkin*, 620 N.W.2d 335, 337 n.2 (Minn. App. 2001) (quotation omitted).

Clemmensen argues that the evidence was insufficient to prove that L.J. suffered substantial bodily harm. When considering a claim of insufficient evidence, this court conducts "a painstaking analysis of the record to determine whether the evidence, when viewed in a light most favorable to the conviction," was sufficient to allow the fact-finder to reach the verdict that it reached. *State v. Caine,* 746 N.W.2d 339, 356 (Minn. 2008) (quotation omitted). We must assume that the fact-finder believed the state's witnesses and disbelieved any contrary evidence. *State v. Porte*, 832 N.W.2d 303, 309 (Minn. App. 2013). We will not disturb the verdict if the fact-finder, acting with due regard for the presumption of innocence and the requirement of proof beyond a reasonable doubt, could reasonably conclude that the defendant was guilty of the crime charged. *Bernhardt v. State,* 684 N.W.2d 465, 476-77 (Minn. 2004).

Evidence presented at trial demonstrated that, following the assault, L.J. was initially unable to stand for more than a very brief time because his knee would pop out and cause him to fall. For five months after the assault, he wore a full-immobilization brace and walked with a cane. At the time of trial, L.J.'s knee continued to pop out of place, and he had limited mobility in that he could not climb stairs in the normal manner. This evidence was sufficient to permit the jury to conclude that L.J. suffered substantial bodily harm. The inability to stand for more than a very brief time is a considerable impairment of the function of a person's leg. In addition to this considerable, temporary impairment, even after five months of using a full-immobilization brace and a cane, L.J. continued to have limited mobility at the time of trial. Clemmensen disputes the evidence that L.J.'s knee was immobilized, but this court must view the evidence in the light most favorable to the verdict.

Because the evidence of injury to L.J.'s knee was sufficient to prove substantial bodily harm, we need not address the parties' arguments regarding L.J.'s other injuries.

## II.

*Domestic-assault conviction*

Clemmensen argues that his domestic-assault conviction must be vacated because domestic assault is a lesser-included offense of third-degree assault. If proof of one crime necessarily proves a second crime or the second crime is a lesser degree of the first crime, the second crime is a lesser-included offense. *See* Minn. Stat. § 609.04, subd. 1(1), (4) (2014) (defining an included offense as "[a] lesser degree of the same crime" or "[a] crime

4

necessarily proved if the charged crime were proved"). We do not agree that domestic assault is a lesser-included offense of third-degree assault under either of these definitions.

*Lesser degree of same crime*

Citing *State v. Hackler*, 532 N.W.2d 559, 559 (Minn. 1995), Clemmensen argues that misdemeanor domestic assault is a lesser degree of third-degree assault because misdemeanor domestic assault is a lesser degree of a multi-tier statutory scheme dealing with a particular subject. But misdemeanor domestic assault is not part of a multi-tier statutory scheme dealing with assault. The legislature created a multi-tier statutory scheme dealing with assault in 1979 when it enacted Minn. Stat. § 609.221 (assault in the first degree), Minn. Stat. § 609.222 (assault in the second degree), Minn. Stat. § 609.223 (assault in the third degree), and Minn. Stat. § 609.224 (assault in the fourth degree). 1979 Minn. Laws ch. 258, §§ 4-7 at 550. The legislature later added a fifth degree of assault to this multi-tier statutory scheme. 1983 Minn. Laws ch. 169, §§ 1, 2 at 424. The legislature, however, did not include domestic assault in this multi-tier scheme.

Instead, the legislature separately addressed domestic assault when it enacted Minn. Stat. § 609.2242, which does not assign any degree to domestic assault. 1995 Minn. Laws ch. 259, art. 3, § 15 at 2783-84. Within the domestic-assault statute, the legislature created a separate multi-tier statutory scheme that treats a domestic-assault offense as a misdemeanor, Minn. Stat. § 609.2242, subd. 1, a gross misdemeanor, Minn. Stat. § 609.2242, subd. 2, or a felony, Minn. Stat. § 609.2242, subd. 4, depending on the number of offense convictions an offender has within ten years.

*Necessarily proved*

Domestic assault is not necessarily proved if third-degree assault is proved. Unlike third-degree assault, domestic assault requires proof that the assailant and the victim were family or household members. *See* Minn. Stat. §§ 609.223 (third-degree assault), .2242, subd. 1(2) (domestic assault).

*Domestic-assault sentence*

Clemmensen correctly argues that his sentence for domestic assault must be vacated because the domestic assault was committed during the same behavioral incident as the third-degree assault. *See* Minn. Stat. § 609.035, subd. 1 (2014) (prohibiting multiple sentences for conduct that "constitutes more than one offense"). Section 609.035 contemplates that a defendant will be punished for the most serious offense that arises out of a single behavioral incident. *State v. Kebaso*, 713 N.W.2d 317, 322 (Minn. 2006). We, therefore, affirm Clemmensen's sentence for third-degree assault, which is a felony offense, and vacate his sentence for misdemeanor domestic assault. *See* Minn. Stat. § 244.11, subd. 2(b) (2014) (on appeal from sentence imposed by district court, court of appeals may vacate sentence that is inconsistent with statutory requirements).

**Affirmed in part and vacated in part.**