*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1732**

State of Minnesota,
Respondent,

vs.

Cass Howard Ellingboe,
Appellant

**Filed December 5, 2016
Affirmed in part, reversed in part, and remanded
Reyes, Judge**

Yellow Medicine County District Court
File No. 87CR15193

Lori Swanson, Attorney General, Michael Everson, Assistant Attorney General, St. Paul, Minnesota; and

Keith Helgeson, Yellow Medicine County Attorney, Granite Falls, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Anders J. Erickson, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Jesson, Presiding Judge; Stauber, Judge; and Reyes, Judge.

UNPUBLISHED OPINION

**REYES**, Judge

Appellant argues that the district court erred when it admitted two of his prior burglary convictions for impeachment purposes and convicted him of both third-degree assault and felony fifth-degree assault. Because we conclude that the district court was well within its discretion in admitting these convictions for impeachment purposes but that felony fifth-degree assault is a lesser included offense of third-degree assault, we affirm in part, reverse in part, and remand.

## FACTS

In the morning hours of March 11, 2015, J.B. went to D.B.'s home in Granite Falls, Minnesota to house-sit. When J.B. arrived at D.B.'s home, inside he found three individuals, B.B., G.B., and R.L., who did not live there. J.B. did not mind having B.B. and G.B. there, but he did not want R.L. there. He asked R.L. to leave, but R.L. refused. J.B. then walked over to appellant Cass Ellingboe's home to speak with appellant and H.N. about the issue.

Afterward, J.B., appellant, H.N., and another friend, S.H., all drove over to D.B.'s home. Appellant, S.H., and H.N. entered the home while J.B. remained in appellant's car. B.B., G.B., and R.L. were still inside the home. Also inside the home was A.S., B.B.'s mother. Shortly after arriving, appellant engaged in a physical altercation with G.B. Appellant punched G.B. in the face, threw him against a chair, placed him in a chokehold while he was on the ground, and repeatedly kicked and punched his head and body. Appellant then left D.B.'s home and drove away in his car.

As a result of this altercation, G.B. incurred serious injuries, including two broken bones in his nose, abrasions, and significant bruising to his neck, face, and head. He initially received medical treatment at a local hospital, but his injuries were so severe that he had to be airlifted to Hennepin County Medical Center.

Appellant was eventually charged with third-degree assault in violation of Minn. Stat. § 609.223, subd. 1 (2014), and felony fifth-degree assault in violation of Minn. Stat. 609.224, subd. 4(b). The district court held a pre-trial hearing on the state's motion to allow impeachment of appellant with ten of his prior felony convictions if he chose to testify. After considering the *Jones* factors discussed in *State v. Hill*, 801 N.W.2d 646, 653 (Minn. 2011), the district court issued an order allowing appellant to be impeached with evidence that he had an unspecified felony conviction from 2013,[1] a third-degree burglary conviction from 2010,[2] and either an aiding and abetting first-degree burglary conviction or a third-degree burglary conviction, that were both from 2007.

During the jury trial, appellant took the stand and testified that he was acting in self-defense when he engaged in the physical altercation with G.B. Appellant testified that he entered the house, walked through the living room where he saw "random" man and A.S. sitting on the couch, and went to the kitchen because he thought the "crazy

---

[1] Appellant's conviction was for violation of a no-contact order on July 9, 2013. The district court allowed this conviction in as an unspecified felony because this conviction was based on an underlying assault case, making the specifics of this conviction too prejudicial for the jury to hear.

[2] Appellant had two third-degree burglary convictions from July 26, 2010: (1) A third-degree burglary conviction from Yellow Medicine County and (2) a third-degree burglary conviction from Chippewa County. The district court ruled that only one of these convictions was admissible for impeachment purposes.

3

guy," referring to R.L., was in the kitchen. When appellant returned to the living room, he realized that the "random" man in there was G.B. Appellant testified that he asked him, "You're [G.B.], right?" At that point, G.B. looked at him, and appellant then said, "You're the one that molested my little sister, right?" Appellant testified that he then stepped towards G.B. with his hands out while saying "You're a child molester and rapist," at which point G.B. threw multiple punches at appellant.

During direct examination, appellant's attorney asked him about his prior convictions, and appellant admitted to being convicted of each one of them. Immediately following these admissions, the district court issued a curative instruction directing the jury to consider these convictions for impeachment purposes only. On cross-examination, the state briefly asked appellant whether the convictions were all felony convictions, and he admitted that they were. The district court repeated the curative instructions at the end of the trial. The state made no mention of appellant's prior convictions in closing arguments. The jury found appellant guilty of both third-degree assault and felony fifth-degree assault.

On July 28, 2015, the district court judge convicted appellant of third-degree assault and felony fifth-degree assault. However, appellant was only sentenced to 33 months in prison on the third-degree-assault count. This appeal follows.

**D E C I S I O N**

**I.    The district court did not abuse its discretion by allowing appellant to be impeached by his prior burglary convictions.**

Appellant first argues that the district court abused its discretion by allowing his impeachment at trial through the two prior burglary convictions, which appellant argues prejudiced the jury. We disagree.

We review a district court's admission of evidence regarding a defendant's prior convictions for an abuse of discretion. *State v. Williams*, 771 N.W.2d 514, 518 (Minn. 2009). "Under an abuse-of-discretion standard, [appellate courts] may reverse the district court when the district court's ruling is based on an erroneous view of the law or is against logic and the facts in the record." *State v. Bustos*, 861 N.W.2d 655, 666, (Minn. 2015). If appellant meets his burden of demonstrating an abuse of discretion, he must also show that he was prejudiced by the error. *Id*. (quotation omitted).

Evidence of a defendant's prior conviction "is not admissible to prove the character of [the defendant] in order to show action in conformity therewith." *See* Minn. R. Evid. 404(b). But such evidence may be admissible to attack the credibility of his testimony, provided that (1) the conviction is from ten or fewer years ago and (2) the probative value of such conviction outweighs any potential prejudicial effect. *See* Minn. R. Evid. 609(b). It is undisputed that both of appellant's burglary convictions were less than ten years old at the time of his trial.

"[W]hether the probative value of the [prior] convictions outweighs their prejudicial effect is a matter left to the discretion of the trial court." *State v. Graham*, 371

5

N.W.2d 204, 208 (Minn. 1985). In making this determination, a district court is guided by the following five *Jones* factors: "(1) the impeachment value of the prior crime, (2) the date of the conviction and the defendant's subsequent history, (3) the similarity of the past crime with the charged crime. . . , (4) the importance of the defendant's testimony, and (5) the centrality of the credibility issue." *State v. Jones*, 271 N.W.2d 534, 538 (Minn. 1978). Appellant challenges only the third *Jones* factor on appeal.

Appellant argues that the district court erred because the charged crime, which involved an assault inside of a home, is too similar to his two prior burglary convictions. In evaluating the third factor, the district court found that each of appellant's burglary convictions were "a dissimilar crime to the one currently charged. This dissimilarity means a jury would be less prone to improperly use evidence of the past conviction to prove conformity therewith."

In *State v. Flemino*, 721 N.W.2d 326, 329 (Minn. App. 2006), the defendant argued that a prior burglary conviction was too similar to an aggravated-robbery charge because they both involved entering a residence and committing a crime therein. In holding that they were sufficiently dissimilar crimes, this court stated, "[B]urglary involves nonconsensual entries or the withdrawal of consent. The entry here was consensual and was followed by a crime not similar in name or fact to burglary." *Id.*

Just as in *Flemino*, the only similarity between appellant's prior burglary convictions and the current assault are that the crimes occurred inside a home. Beyond that, appellant's prior burglary convictions are not similar to the current assault "in name or in fact." *Id*. His prior burglary convictions involved nonconsensual entry into a home.

6

In the current assault case, appellant entered another's home consensually. Further, burglary convictions do not require assault or bodily harm to another. Here, appellant was charged with assaulting another and inflicting substantial bodily harm. Moreover, burglary is a property crime whereas assault is a crime against a person. We conclude that appellant's prior burglary convictions are sufficiently dissimilar to the charged crime.

The district court thoroughly evaluated all of the *Jones* factors and did not abuse its discretion by determining that appellant's burglary convictions were admissible for impeachment purposes because their probative value outweighed any prejudicial effect they may have had.

Appellant next argues that the admission of his prior burglary convictions amounted to reversible error because it was highly prejudicial. As discussed above, the admission of appellant's prior burglary convictions was not an abuse of discretion. Nonetheless, even if we were to assume error, appellant's argument fails.

"The erroneous admission of [other-crimes'] evidence is harmless unless it substantially influenced the verdict." *State v. Campbell*, 861 N.W.2d 95, 102 (Minn. 2015); *see also* Minn. R. Crim. P. 31.01 (providing that "[a]ny error that does not affect substantial rights must be disregarded"). Appellant "bears the 'heavy burden' of showing that there is a reasonable likelihood that the alleged error substantially affected the verdict." *Campbell*, 861 N.W.2d at 101 (quoting *State v. Rosenberg*, 851 N.W.2d 609, 618 (Minn. 2014). Relevant to the harmless-error inquiry are factors such as "whether the trial court provided the jurors a cautionary instruction and whether the evidence was

central to the State's case." *Id.* at 102. "[The supreme court] ha[s] also considered the existence of overwhelming evidence of guilt." *Id.*

Here, the district court gave a cautionary instruction after appellant's attorney asked him about his prior convictions. The district court gave another cautionary instruction at the end of the trial. The jury is presumed to have followed these instructions. *See id.* at 103. Moreover, the jury was presented with substantial evidence that appellant committed third-degree assault. The state introduced testimony from the victim, G.B., who testified in detail about appellant assaulting him and causing him substantial injuries. The injuries and the cause of them were corroborated by the emergency-room doctor, who testified that the injuries were consistent with someone being choked around the neck and repeatedly struck in the face. Additionally, B.B.'s and A.S.'s testimony corroborated G.B.'s account of the assault.

Finally, the prosecutor did not refer to any of the burglary convictions or any other prior conviction during closing arguments. *See id.* at 101 (finding extent to which prosecutor relied on evidence during closing arguments is important factor.). This record leads to a conclusion that the prior convictions, which were admitted for the purpose of impeaching appellant, did not substantially influence the verdict. Thus, any alleged error was harmless.

## II.     Felony fifth-degree assault is a lesser included offense of third-degree assault.

Appellant further argues that the district court erred in entering judgment of conviction for both third-degree assault and felony fifth-degree assault. We agree.

8

Both parties agree, as do we, that it was impermissible for appellant to be convicted of both third-degree assault and felony fifth-degree assault. Whether an offense is a lesser included offense of the charged offense is a legal question that we review de novo. *See State v. Cox*, 820 N.W.2d 540, 552 (Minn. 2012).

"[A]n actor may not be convicted of both the crime charged and "[a] lesser degree of the same crime." Minn. Stat. § 609.04, subd. 1(1) (2014). A conviction under this statute is the district court's formal adjudication of the verdict through the filing of the official judgment of conviction. *See State v. Pflepson*, 590 N.W.2d 759, 767 (Minn. 1999). An included offense could be "[a] lesser degree of the same crime" or "[a] crime necessarily proved if the crime charged were proved." *Id*., subd. 1(1), (4). "An offense is necessarily included in a greater offense if it is impossible to commit the greater offense without committing the lesser offense." *State v. Bertsch*, 707 N.W.2d 660, 664 (Minn. 2006) (quotation omitted). "To determine whether an offense is an included offense falling under [section 609.04], a court examines the elements of the offense instead of the facts of the particular case." *State v. Mitchell*, 881 N.W.2d 558, 562 (Minn. App. 2016) (quotation omitted), *review denied* (Minn. Aug. 23, 2016).

Appellant was convicted of felony fifth-degree assault, which has one more element than third-degree assault, and enhances simple misdemeanor fifth-degree assault into a felony. A reading of the statute for both offenses demonstrates that it is possible to prove third-degree assault without first establishing all of the elements of felony fifth-degree assault. But our inquiry does not end there. "[T]he fact that the lesser offense is not necessarily proved by proof of the commission of the greater offense does not mean

that the lesser offense is not an included offense under section 609.04." *State v. Hackler*, 532 N.W.2d 559, 559 (Minn. 1995). An offense that constitutes a lesser degree of the same crime is an included offense as is "a lesser degree of a multi-tier statutory scheme dealing with a particular subject." *Id.* Here, felony fifth-degree assault is a lesser degree of third-degree assault, and it is also part of the same multi-tier statutory assault scheme. Consequently, felony fifth-degree assault is an included offense of third-degree assault under section 609.04.

We affirm the district court's determination to allow admission of appellant's prior burglary convictions, and we reverse appellant's felony fifth-degree assault conviction and remand to the district court for its vacation. *See State v. Crockson*, 854 N.W.2d 244, 248 (Minn. App. 2014) (stating that when proper procedure is not followed, remedy is to remand case for district court to vacate one of the convictions), *review denied* (Minn. Dec. 16, 2014).

**Affirmed in part, reversed in part, and remanded.**