*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0150**


State of Minnesota,
Respondent,

vs.

Darnell Theodore Richardson,
Appellant.


**Filed January 9, 2017
Affirmed
Halbrooks, Judge**


Hennepin County District Court
File No. 27-CR-15-17352

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Michael Richardson, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Andrea Barts, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Halbrooks, Presiding Judge; Rodenberg, Judge; and Kirk, Judge.

**HALBROOKS**, Judge

Appellant challenges the admission at trial of two of his prior felony convictions for impeachment purposes, arguing that the district court committed reversible error by failing to analyze the *Jones* factors on the record. We affirm.

## FACTS

On the night of June 12, 2015, A.J. was working as a dancer at a nightclub in Minneapolis. When she went outside to smoke with a friend and the nightclub's doorman, appellant Darnell Theodore Richardson took her wallet from her hand while she was sitting on the curb with a crowd of people. She had approximately $250 and some "club" money from the nightclub in her wallet. A.J. and two others chased after Richardson, and A.J. never lost sight of him. Police officers who got involved caught and detained Richardson outside another nightclub and returned A.J.'s wallet to her.

Richardson was charged with felony theft of a movable property without consent in violation of Minn. Stat. § 609.52, subd. 2(a)(1) (2014). Prior to a jury trial, respondent State of Minnesota moved the district court for an order permitting it to impeach Richardson with five prior convictions: two 1999 felony convictions of first-degree aggravated robbery, a 2013 felony violation of an order for protection, a 2013 felony conviction of fifth-degree possession of a controlled substance, and a felony possession or sale of stolen or counterfeit checks. The district court permitted the state to impeach Richardson with his prior felony convictions of fifth-degree possession of a controlled

substance and possession or sale of stolen or counterfeit checks but not his convictions of first-degree aggravated robbery or felony violation of an order for protection.

At trial, A.J., three police officers, and the nightclub owner testified for the state. The prosecutor also introduced into evidence a surveillance video and Richardson's Scales interview. Richardson testified in his defense. He admitted taking A.J.'s wallet but stated that he did not intend to keep it or its contents. Richardson testified that A.J. asked him to take her wallet and go to the street corner so that a man she was with would chase after Richardson because A.J. feared that a crowd of people would attack this man. Richardson also testified that this man with A.J. pulled out a switchblade at the street corner, so Richardson kept running until he was in front of another nightclub. At that point, Richardson threw A.J.'s wallet at the back of a police squad car. He was arrested shortly thereafter.

The jury found Richardson guilty of theft of a movable property without consent in violation of Minn. Stat. § 609.52, subd. 2(a)(1). It also found by special verdict that he took the movable property from the person of another. The district court stayed execution of a 33-month prison sentence. This appeal follows.

## DECISION

Richardson argues that the district court committed reversible error by permitting the state to admit two of his prior felony convictions as impeachment evidence. Evidence of a prior felony conviction may be used to impeach a defendant if "the probative value of admitting this evidence outweighs its prejudicial effect" or the prior conviction "involve[s] dishonesty or [a] false statement." Minn. R. Evid. 609(a). We review a

district court's ruling on the impeachment of a witness by prior conviction under an abuse-of-discretion standard. *State v. Ihnot*, 575 N.W.2d 581, 584 (Minn. 1998). "Whether the probative value of a prior conviction outweighs its prejudicial effect is a matter within the discretion of the district court." *State v. Swinger*, 800 N.W.2d 833, 837 (Minn. App. 2011), *review denied* (Minn. Sept. 28, 2011). A district court's discretion is guided by the five *Jones* factors:

> (1) the impeachment value of the prior crime, (2) the date of the conviction and the defendant's subsequent history, (3) the similarity of the past crime with the charged crime (the greater the similarity, the greater the reason for not permitting use of the prior crime to impeach), (4) the importance of [the] defendant's testimony, and (5) the centrality of the credibility issue.

*State v. Jones*, 271 N.W.2d 534, 537-38 (Minn. 1978). The district court errs by failing to place its analysis of the *Jones* factors on the record. *State v. Vanhouse*, 634 N.W.2d 715, 719 (Minn. App. 2001), *review denied* (Minn. Dec. 11, 2001). But the district court's use of a limiting instruction to the jury helps diminish the risk of unfair prejudice. *State v. Flemino*, 721 N.W.2d 326, 329 (Minn. App. 2006). Prior convictions for crimes of dishonesty are admissible regardless of the seriousness of the offense and without the requirement to balance probative value against prejudice. Minn. R. Evid. 609(a)(2).

The state argues that the possession or sale of stolen or counterfeit checks is inherently a crime of dishonesty. Because we need not determine whether the possession or sale of stolen or counterfeit checks is a crime of dishonesty to reach a disposition in this case, we refrain from addressing this issue. *See State v. Vang*, 847 N.W.2d 248,

4

265 n.9 (Minn. 2014) (refraining from deciding an issue that "is not necessary to the disposition of appellant's case").

Richardson asserts that the district court erred by failing to analyze each *Jones* factor and that none of his prior convictions would have been admitted if the factors had been properly applied. We disagree. We conclude that the district court properly applied the *Jones* factors to Richardson's prior convictions and provided its reasoning on the record. In addition, the district court provided a limiting instruction to the jury on impeachment evidence.

**Impeachment value of prior crime**

A felony conviction is probative of a witness's credibility because it "allows the fact-finder to see the whole person and his general lack of respect for the law." *State v. Zornes*, 831 N.W.2d 609, 627 (Minn. 2013) (quotations omitted); *see also Flemino*, 721 N.W.2d at 328 (concluding that a district court may permit the state to admit evidence of a prior controlled-substance conviction, despite criticism of the whole-person rationale). This knowledge enables the fact-finder to more accurately judge "the truth of [the witness's] testimony." *State v. Gassler*, 505 N.W.2d 62, 67 (Minn. 1993). Here, the district court determined that the impeachment value of Richardson's conviction of possessing or selling counterfeit or stolen checks was high because it went toward his credibility. It also concluded that the probative value of admitting all five of his convictions "would be far outweighed by the prejudice that [he] would suffer in this case," and the jury could reasonably judge his credibility by admitting only two of his prior convictions.

**Date of conviction and defendant's subsequent history**

Generally, evidence of a conviction that is more than ten years old is inadmissible as impeachment evidence. Minn. R. Evid. 609(b). The district court excluded Richardson's convictions of aggravated robbery because he was convicted of these offenses more than ten years ago. But the district court concluded that admitting two of Richardson's prior convictions from 2013 and 2014 demonstrated his lawless tendencies and weighed in favor of admitting those two prior convictions. This "pattern of lawlessness" favors admission because it demonstrates that these convictions have not "lost any relevance by the passage of time." *Ihnot*, 575 N.W.2d at 586.

**Similarity of past crime with charged crime**

A prior conviction that is similar to the alleged offense is more likely to be more prejudicial than probative. *State v. Swanson*, 707 N.W.2d 645, 655 (Minn. 2006). Here, the district court excluded Richardson's aggravated-robbery convictions because they were too similar to the charged offense. Richardson contends that his conviction of possessing or selling counterfeit or stolen checks should not have been admitted because it was too similar to the charged offense; the "jury could have assumed that [he] possessed stolen checks because he stole them or, even worse, because he stole some other victim's wallet or purse." But caselaw instructs that district courts do not abuse their discretion by permitting impeachment with crimes more similar to the charged crime than is present in this case. *See Gassler*, 505 N.W.2d at 67 (concluding that a district court did not abuse its discretion by admitting evidence of an attempted second-degree murder conviction at a first-degree murder trial); *State v. Frank*, 364 N.W.2d 398,

6

399 (Minn. 1985) (holding that the admission of two rape convictions at a first-degree criminal-sexual-assault trial was not an abuse of the district court's discretion); *Flemino*, 721 N.W.2d at 329 (permitting the admission of a burglary conviction at a robbery trial).

**Importance of defendant's testimony**

"A defendant has a constitutional right to present his version of events to a jury." *Zornes*, 831 N.W.2d at 628. And the district court may exclude evidence of a prior felony conviction if admission of such evidence would "cause [the] defendant not to testify and if it is more important in the case to have the jury hear the defendant's version" of what happened. *Bettin*, 295 N.W.2d at 546.

The district court weighed the importance of Richardson's testimony and did not want to deter Richardson from testifying. Because Richardson testified and the jury heard his version of what had happened, the district court did not abuse its discretion by concluding that this factor weighed in favor of admission.

**Centrality of credibility issue**

If credibility is a central issue to the case, this factor favors admitting a witness's prior convictions for impeachment purposes because there is a greater need for the impeachment evidence. *Zornes*, 831 N.W.2d at 628. Here, the district court stated, "And obviously, centrally [sic] of the credibility issue, I mean, you know, I think having some discussion of the felony convictions does talk about the defendant's credibility and that certainly weighs in favor of admissibility of those two."

Richardson argues that his credibility was central to his defense but not the case because his testimony would be weighed against the testimony of four other witnesses.

7

But Richardson and A.J. were the only people the jury heard from who were actually present when the wallet was taken. Because no one other than Richardson and A.J. could testify about their communications, the district court did not abuse its discretion by concluding that credibility was the central issue in the case. *See Flemino*, 721 N.W.2d at 329-30 (concluding that credibility was crucial even though the state had corroborating witnesses because the corroborating witnesses could not testify about crucial events in the case).

The district court conducted a proper *Jones*-factor analysis and made a record of its reasoning. We therefore conclude that the district court acted within its discretion by admitting two of Richardson's five prior felony convictions.

**Affirmed.**